UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LORENZO GUARINO, )
    Plaintiff )
)
V. ) CIVIL NO. 04-10246
)
R.W. GRANGER & SONS, INC., )
    Defendant/Third Party )
    Plaintiff )
v. )
)
SCAVONE C & M )
CONSTRUCTION CO., INC. )
    Third Party Defendant )

## THIRD PARTY COMPLAINT AGAINST
## SCAVONE C&M CONSTRUCTION CO. INC.

1. The defendant/third party plaintiff, R.W. Granger & Sons, Inc., (hereinafter "Granger") is a Massachusetts corporation with a place of business at 415 Boston Turnpike Shrewsbury, MA 01545.

2. The third party defendant, Scavone C & M Construction Co., Inc. (hereinafter "Scavone") is a Massachusetts corporation with a regular place of business at 51 Lacombre Street, Marlborough, MA.

3. The plaintiff in the above entitled action has filed a complaint against the defendant/third party plaintiff Granger seeking monetary damages for injuries suffered at a construction site at the Old Rochester High School, Marion Massachusetts (a copy of said complaint is attached hereto as Exhibit 1).

4. Prior to February 5, 2002 the Defendant/Third Party Plaintiff, Granger, as general contractor, and Scavone as subcontractor, entered into a written agreement concerning construction of the Old Rochester High School.

5. In return for valid consideration, Scavone, agreed, among other things, to indemnify and hold harmless Granger as general contractor from any and all claims for loss or injury arising out of or resulting from the performance of Scavone work at the Old Rochester High School, or out of the work of Scavone employees, including attorneys fees and costs.

6. On or about February 2, 2002, the Plaintiff, Lorenzo Guarino, is alleged to have been injured while performing work for at the Old Rochester High School project pursuant to the Contract referred to in paragraph 5.

7. The Plaintiff has claimed that he was injured as a result of the negligence of Granger while he was working at the Old Rochester High School site.

8. The Defendant/Third Party Plaintiff, Granger, denies the allegations of the Plaintiff's Complaint and says that it was not negligent and is not responsible for the Plaintiff's alleged injuries.

9. The Defendant/Third Party Plaintiff, Granger, has further claimed that the accident which is the subject of the Plaintiff's Complaint was the result of the negligence of Scavone in performance of its duties at the site.

11. The Defendant/Third Party Plaintiff, Granger, says that if it should be held liable to the Plaintiff, Lorenzo Guarino, such liability will have arisen out of the work of Scavone, and that Scavone is liable to Granger in the full amount of any such judgment against it in accordance with the indemnification agreement between the parties.

12. Scavone has been notified that it will be added as a party defendant pursuant to Rule 15.1 (A) & (B).

Wherefore, the Defendant/Third Party Plaintiff, Granger, demands judgment against the Third Party Defendant, Scavone, in an amount equal to any award adjudged against Granger in favor of the Plaintiff, Lorenzo Guarino, together with interest and costs and further, Granger demands that it be reimbursed for the cost of its defense of the claim brought by the Plaintiff and its prosecution of this Third Party claim, including reasonable attorney's fees.

By its attorney,

Patrick M. McCormack
B.B.O. No. 546194
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4614

## CERTIFICATE OF SERVICE

I, Patrick M. McCormack, attorney for the Defendant, R.W. Granger & Sons, Inc., in the above-entitled action, hereby certify that on the 16 day of June, 2005, I served a copy of the within Complaint, in hand to:

Frank C. Corso, Esquire
15 Court Square Suite 240
Boston, MA 02108

_____
Patrick M. McCormack
B.B.O. No. 546194
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4614