UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10246

|  |  |
|---|---|
| LORENZO GUARINO, <br> Plaintiff <br><br> v. <br><br> R.W. GRANGER AND SONS, INC. & <br> SCAVONE C&M CONSTRUCTION CO., INC., <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANT'S, SCAVONE C&M, CONSTRUCTION CO., INC., ASSENTED-TO MOTION TO REMOVE DEFAULT AND TO FILE ANSWER LATE

The Defendant, Scavone C&M Construction Co., Inc., ("Defendant") hereby submits this Assented-To motion to remove the default recently entered by the Court against the Defendant in this case and requests that the Court accept for filing and docketing the Defendant's Answer to the Plaintiff's Amended Complaint attached hereto as Appendix A.

As grounds therefor, the Defendant states that this case involves claims by the Plaintiff, Lorenzo Guarino, who alleges that he was injured at a construction site at the Old Rochester High School in Marion, Massachusetts on February 5, 2002. The Plaintiff originally commenced this suit against the general contractor for the project, R.W. Granger & Sons, Inc. ("Granger").  On January 25, 2006, Defendant's insurer received notice of the default entered by the Court against the Defendant from counsel for Granger. The Defendant's counsel presently understands from Granger's counsel, that the Plaintiff filed additional direct claims for negligence against the Defendant in approximately June and/or July of 2005.  See Plaintiff's Amended Complaint attached

hereto as Appendix B. Upon receiving notice of the default, Defendant's insurer transferred what information it possessed to the law office of McDonough, Hacking & Lavoie, LLC to attempt to remove the default and file the Defendant's Answer to the Plaintiff's Amended Complaint. Defendant's counsel received the assignment on January 26, 2006, and immediately secured the assent of the Plaintiff's and Granger's counsel to seek to remove the default and file an answer on behalf of the Defendant and also requested a copy of the proof of service. In the interim, Defendant's counsel has also attempted to communicate with the contact person for the Defendant identified by the Defendant's insurer, Domenic M. Scavone, so far, without success.

Based on the foregoing, the allowance of this Motion will not prejudice any party where the Motion has been assented to by the Plaintiff and Co-Defendant, Granger. Further, the allowance of this motion will permit the Defendant learn the factual basis of the Plaintiff's allegations, participate in discovery and present meritorious defenses to the allegations set forth in the Plaintiff's Amended Complaint, as appropriate. The Defendant is presently unaware of any of its work on the project that caused or contributed to the Plaintiff's accident or injuries. Additionally, the Defendant understands that it may have potential claims against additional parties. Accordingly, the denial of this motion would be unduly prejudicial to the Defendant where the Motion is assented to by all parties, where the Defendant's insurer and assigned counsel have acted promptly upon receiving notice of the recently entered default to defend the Defendant, learn the basis of the Plaintiff's claims and present meritorious defenses.

WHEREFORE, the Defendant, Scavone C&M Construction Co., Inc., by its counsel, requests that the Court allow the Assented-To Motion to Remove Default and accept for filing and docketing, its Answer to the Plaintiff's Complaint attached hereto as Appendix A.

Respectfully submitted,

The Defendant,
Scavone C&M Construction Co., Inc.,
By its attorneys,

Mark B. Lavoie, BBO# 553204
Christopher W. Costello BBO# 645936
McDonough, Hacking & Lavoie, LLC
6 Beacon Street, Suite 815
Boston, MA 02108
(617) 367-0808

Dated: 1/27/2006

**CERTIFICATE OF SERVICE**

I hereby certify that I served a copy of the foregoing pleading on all parties by mailing same, postage prepaid, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED: 1/27/2006

3