UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10246

|  |  |
|---|---|
| LORENZO GUARINO,<br>           Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| R.W. GRANGER AND SONS, INC. &<br>SCAVONE C&M CONSTRUCTION CO., INC.,<br>           Defendants | )<br>)<br>)<br>) |

**THE DEFENDANT'S, SCAVONE C&M CONSTRUCTION CO., INC., ANSWER TO THE PLAINTIFF'S FIRST AMENDED COMPLAINT**

The Defendant, Scavone C&M Construction Co., Inc. ("Defendant"), hereby makes this its answer to the Plaintiff's, Lorenzo Guarino ("Plaintiff"), First Amended Complaint, as follows:

**FIRST DEFENSE**

1. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

2. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

3. The Defendant states that this paragraph is a legal conclusion for which no answer is required; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph.

4. The Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and calls upon the Plaintiff to prove the same.

5. The Defendant states that this paragraph is a legal conclusion for which no answer is required; however, to the extent a response is required, the Defendant denies the allegations contained in this paragraph.

## COUNT I

6. The Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 5 and makes them its answer to this paragraph.

7-12. The Defendant states that these paragraphs are not directed to it and therefore no answer is necessary; however, to the extent a response is required, the Defendant denies the allegations contained in these paragraphs.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of the Defendant together with its costs, interest and reasonable attorneys' fees.

## COUNT II

13. The Defendant repeats and incorporates herein by reference its answers to paragraphs 1 through 12 and makes them its answer to this paragraph.

14. The Defendant states that this paragraph is a legal conclusion for which no answer is required; however, to the extent a response is required, the Defendant admits that it entered into an agreement with R.W. Granger & Sons, Inc. which speaks for itself and denies the remaining allegations in this paragraph.

15. The Defendant is without knowledge of the allegations contained in this

paragraph.

16.   The Defendant denies the allegations contained in this paragraph.

17a-e.   The Defendant denies the allegations contained in this paragraph.

18.   The Defendant denies the allegations contained in this paragraph.

19.   The Defendant denies the allegations contained in this paragraph.

WHEREFORE, the Defendant demands that the Plaintiff's Complaint be dismissed and that judgment enter in favor of the Defendant together with its costs, interest and reasonable attorneys' fees.

## SECOND DEFENSE

### FIRST AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

And further answering, the Defendant states that to the extent it owed any obligations to the Plaintiff, such obligations were fully, completely and properly performed in every respect.

### THIRD AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the acts complained of were not committed by a person whose conduct the Defendant is responsible.

### FOURTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that if the Plaintiff proves that the Defendant was negligent as alleged, the Plaintiff was negligent to a greater degree than

the Defendants in this action and is therefore barred from recovery under the comparative negligence law of the Commonwealth of Massachusetts.

## FIFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's Complaint should be dismissed pursuant to the doctrine of estoppel.

## SIXTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's Complaint should be dismissed pursuant to the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's Complaint should be dismissed pursuant to the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(4) for insufficiency of process.

## NINTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that the Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(5) for insufficient service of process.

## TENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant states that, to the extent applicable, Defendant complied with all applicable Federal and State statutes, rules and/or regulations governing its operations and properly performed any obligations in every respect.

ELEVENTH AFFIRMATIVE DEFENSE

And further answering, the Defendant says that the occurrence complained of was caused by the intervening, interceding and superseding causes or omissions of the Plaintiff and/or other third parties over which the Defendant had no authority to direct or control and therefore, the Plaintiffs are barred from recovery.

TWELFTH AFFIRMATIVE DEFENSE

And further answering, the Defendant reserves the right to raise additional affirmative defenses pursuant to Rule 8(c) of the Federal Rules of Civil Procedure.

JURY CLAIM

THE DEFENDANT, SCAVONE C&M CONTRCUTION CO., INC., HEREBY CLAIMS A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,
The Defendant,
Scavone C&M Construction Co., Inc.,
By its attorneys,

_____
Mark B. Lavoie, BBO# 553204
Christopher W. Costello BBO# 645936
McDonough, Hacking & Lavoie, LLC
6 Beacon Street, Suite 815
Boston, MA 02108
(617) 367-0808

Dated: 1-27-2006

CERTIFICATE OF SERVICE
I hereby certify that I served a copy of the foregoing pleading on all parties by electronic service, to all counsel of record, by first class mail
Signed under the pains and penalties of perjury.
DATED: _____ 1-27-2006

5