UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10246

|   |   |
|---|---|
| LORENZO GUARINO,<br>Plaintiff<br><br>v.<br><br>R.W. GRANGER AND SONS, INC. &<br>SCAVONE C&M CONSTRUCTION CO., INC.,<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE DEFENDANT'S, SCAVONE C&M CONSTRUCTION CO., INC.,
ASSENTED-TO MOTION FOR A RULE 16 CONFERENCE**

The Defendant, Scavone C&M Construction Co., Inc., ("Defendant"), hereby submits this Assented-To Motion for a Conference pursuant to Fed.R.Civ.P. 16 for the purposes of discussing the status of discovery, the scheduling of trial, the possible addition of new parties and other litigation issues. As grounds therefor, the Defendant states that this case involves claims by the Plaintiff, Lorenzo Guarino, who alleges that he was injured at a construction site at the Old Rochester High School in Marion, Massachusetts on February 5, 2002. The Plaintiff commenced this suit solely against the general contractor for the project, R.W. Granger & Sons, Inc. ("Granger"). Granger has filed a Third-Party Complaint against the Defendant seeking indemnity pursuant to the terms of a written subcontract. The Plaintiff has also filed an Amended Complaint alleging negligence against the Defendant. Recently, on January 27, 2006, the Defendant filed an Assented to Motion to Remove Default entered against the Defendant by the Court and to File a Late Answer to the Plaintiff's Amended Complaint. The Court allowed this Motion on February 22, 2006. The Defendant requests that a Rule 16

Conference be held to discuss the need for further discovery and the possibility of the addition of new parties to this matter.

I.   BACKGROUND

This action involves claims by the Plaintiff, Lorenzo Guarino, who alleges that he was injured at a construction site at the Old Rochester High School in Marion, Massachusetts on February 5, 2002. At the time of the alleged accident, the Plaintiff was working as a glazier for Fenestration Architectural Products, LLC which had entered into an agreement with Granger, to be the "Aluminum Entrances "subcontractor on the project. Guarino states that this accident occurred when he tripped on the construction site while he was walking towards a lull operated by Fenestration. The Plaintiff has filed claims against Granger and the Defendant, Scavone C&M, Construction Co., Inc., the concrete subcontractor for the subject project.

On January 25, 2006, Defendant's insurer received notice of the default entered by the Court against the Defendant from counsel for Granger. The Defendant's counsel understands from Granger's counsel, that the Plaintiff filed additional direct claims for negligence against the Defendant in approximately June and/or July of 2005. Upon receiving notice of the default, Defendant's insurer transferred what information it possessed to the law office of McDonough, Hacking & Lavoie, LLC to attempt to remove the default and file the Defendant's Answer to the Plaintiff's Amended Complaint. Defendant's counsel received the assignment on January 26, 2006, and immediately secured the assent of the Plaintiff's and Granger's counsel to seek to remove the default and file an answer on behalf of the Defendant and also requested a copy of the proof of service. In the interim, Defendant's counsel has also attempted to communicate with the

2

contact person for the Defendant identified by the Defendant's insurer, Domenic M. Scavone, so far, without success.

The Defendant understands that written discovery and several depositions have gone forward in this matter. Specifically, the deposition of the Plaintiff was taken on January 4, 2005. During his testimony, the Plaintiff indicated that he tripped in an area where mesh and pipe were located on the construction site. See Deposition of Lorenzo Guarino attached hereto as Appendix I. at pp. 32-33. The Plaintiff has alleged that the mesh was left on the site by the Defendant. Testimony from the President of Granger indicated that the pipes in the area were gas pipes possibly installed by a local utility company. See Deposition of Ernest O'Brien attached hereto as App. II at pp 46-47. Despite the Plaintiff's allegation that the gas pipes were a contributing cause to his accident, there has been no attempt to add the entity which installed these pipes as a party to the litigation. In addition, to the extent the Plaintiff's accident resulted from his own negligence, such negligence would be imputed to the Plaintiff's employer, a subcontractor of the Defendant, R.W. Granger, which has the same indemnity obligation as the Defendant. As such, it appears that there are at least two (2) potential Defendants not added as parties to this action.

    II.    ARGUMENT

A.    THE COURT SHOULD HOLD A RULE 16 CONFERENCE TO DISCUSS THE NEED FOR THE DEFENDANT TO REVIEW DISCOVERY, CONDUCT ADDITIONAL DISCOVERY, AND INVESTIGATE THE POSSIBILITY OF ADDITIONAL CLAIMS

The Defendant understands that written discovery and at least three (3) depositions have gone forward in this matter. The Defendant recently received a copy of this completed discovery and is in the process of reviewing this information. The

3

Defendant further states that it anticipates the need to conduct additional discovery. Specifically, there are outstanding liability issues in this matter including a further investigation of how the Plaintiff's accident occurred and the alleged tripping hazards which the Plaintiff states caused his fall. In this regard, the Defendant anticipates filing fourth-party claims against the company that installed and/or maintained the pipes in the area of the Plaintiff's accident where the Plaintiff has testified that he tripped on these pipes prior to his fall. Moreover, the Defendant's attorney has been unsuccessful in finding the Defendant's representative to assist in the defense of this matter.

    The Defendant wishes the ability to conduct this discovery and pursue these potential claims. Further, the Defendant states that the allowance of additional discovery is proper where the Defendant's counsel received notice of this action at the end of January 2006, and Defendant's answer was only recently filed with the Court on January 27, 2006. The current litigation timeline which has assigned a trial date in May 2006 will not allow the Defendant to include all of the necessary parties to the case and will not allow these parties to complete the necessary discovery prior to trial. The Defendant seeks a Rule 16 conference in this matter to address these outstanding issues and, potentially move the parties closer to a resolution of the case. Specifically, the parties' ability to resolve the case will be assisted by the involvement of all appropriate entities in the litigation. Accordingly, the Defendant requests that the Court schedule a Rule 16 Conference for the purpose of reviewing the discovery and trial timelines in light of the involvement of the Defendant in this case and the potential addition of new parties. The Defendant states that this motion has been assented to by all parties, will not result in prejudice to any party in this matter and will serve the best interest of all parties and promote judicial economy.

WHEREFORE, the Defendant requests that the Court schedule a Rule 16 Conference in this matter to review the discovery and trial date of this matter with the Court.

                                          Respectfully submitted,
                                          The Defendant,
                                          Scavone C&M Construction Co., Inc.,
                                          By its Attorneys,

                                          /s/ Mark B. Lavoie
                                          Mark B. Lavoie, BBO# 553204
                                          Christopher W. Costello BBO# 645936
                                          McDonough, Hacking & Lavoie, LLC
                                          6 Beacon Street, Suite 815
                                          Boston, MA 02108
                                          (617) 367-0808

**ASSENTED-TO:**

| The Plaintiff, | The Third-Party Defendant, |
|---|---|
| Lorenzo Guarino, | R.W. Granger and Sons, Inc. |
| By his Attorneys, | By its Attorneys, |
| /s/ Frank C. Corso (MBL) | /s/ Patrick M. McCormack (MBL) |
| Frank C. Corso, Esq. | Patrick M. McCormack, Esq. |
| Law Office of Frank C. Corso | Law Offices of Jacqueline Allen |
| 15 Court Square | 262 Washington Street, Suite 601 |
| Boston, MA 02108 | Boston, MA 02108 |
| 617-227-0011 | (617) 878-4600 |

**CERTIFICATE OF SERVICE**

    I, Mark B. Lavoie Esq., hereby certify that on March 17, 2006, I served a copy of the foregoing Defendant's, Scavone C&M Construction Co., Inc., by mailing, postage prepaid, to the following: Frank C. Corso, Esq., Law Office of Frank C. Corso, 15 Court Square, Boston, MA 02108 and Patrick M. McCormack, Esq., Law Offices of Jacqueline Allen, 262 Washington Street, Suite 601, Boston, MA 02108.

                                            /s/ Mark B. Lavoie
                                            Mark B. Lavoie, Esq.