UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lorenzo Guarino,<br>    Plaintiff<br><br>v.<br><br>R.W. Granger & Sons, Inc.<br>    Defendant/Third Party Plaintiff<br><br>v.<br><br>Scavone C&M Construction Co., Inc. and<br>Fenestration Architectural Products, Inc.<br>    Third Party Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    CIVIL ACTION NO. 04-CV-10246 JLT |

**THIRD PARTY DEFENDANT FENESTRATION ARCHITECTURAL PRODUCTS, INC.'S ANSWER TO THIRD PARTY COMPLAINT AND DEMAND FOR TRIAL BY JURY**

Fenestration Architectural Products, Inc. ("Third Party Defendant"), denying each and every allegation of the Third Party Complaint unless specifically admitted, answers each numbered paragraph as follows.

    As to paragraph 1, the Third Party Defendant is without sufficient information to form a belief as to the truth of the allegations and calls upon the Third Party Plaintiff to prove the same.

    As to paragraph 2, the Third Party Defendant ADMITS the allegations.

    As to paragraph 3, the Third Party Defendant is without sufficient information to form a belief as to the truth of the allegations and calls upon the Third Party Plaintiff to prove the same.

    As to paragraph 4, the Third Party Defendant ADMITS the allegations.

    As to paragraph 5, the Third Party Defendant NEITHER ADMITS NOR DENIES the allegations and calls upon the Third Party Plaintiff to prove the same.

    As to paragraph 6, the Third Party Defendant is without sufficient information to form a belief as to the truth of the allegations and calls upon the Third Party Plaintiff to prove

the same.

As to paragraph 7, the Third Party Defendant is without sufficient information to form a belief as to the truth of the allegations and calls upon the Third Party Plaintiff to prove the same.

As to paragraph 8, the Third Party Defendant is not required to file a responsive pleading as such allegations seek a conclusion of law. To the extent that an answer is required, the Third Party Defendant DENIES the allegations.

As to paragraph 9, the Third Party Defendant is not required to file a responsive pleading as such allegations seek a conclusion of law. To the extent that an answer is required, the Third Party Defendant DENIES the allegations.

There is no paragraph 10 and therefore the Third Party Defendant is not required to file a responsive pleading.

As to paragraph 11, the Third Party Defendant DENIES the allegations.

As to paragraph 12, the Third Party Defendant NEITHER ADMITS NOR DENIES the allegations and calls upon the Third Party Plaintiff to prove the same.

WHEREFORE, the Third Party Defendant denies that the Third Party Plaintiff is entitled to judgment in any amount and further prays this Honorable Court to enter judgment for the Third Party Defendant plus costs, interest and attorneys' fees.

## **AFFIRMATIVE DEFENSES**

### *First Affirmative Defense*

The Complaint and/or Third Party Complaint fails to state a claim against Third Party Defendant in whole or in part, upon which relief can be granted.

### *Second Affirmative Defense*

Plaintiff and/or Third Party Plaintiff is barred from maintaining this action against Third Party Defendant by the applicable statute of limitations.

### *Third Affirmative Defense*

To the extent that discovery may so show, Plaintiff and/or Third Party Plaintiff's claims are barred by estoppel, waiver, and/or laches.

### *Fourth Affirmative Defense*

Plaintiff and/or Third Party Plaintiff's alleged injuries, if any, were caused by preexisting medical conditions, subsequent medical conditions, and the natural course of those conditions, for which Third Party Defendant is not responsible.

### *Fifth Affirmative Defense*

Any alleged conduct of Third Party Defendant was so insubstantial as to be insufficient to be a substantial contributing cause of Plaintiff and/or Third Party Plaintiff's alleged injuries.

### *Sixth Affirmative Defense*

The accident was caused by the negligence of Plaintiff and/or Third Party Plaintiff.

### *Seventh Affirmative Defense*

The accident was caused by the negligence of other third party or parties.

### *Eighth Affirmative Defense*

The Third Party Defendant, did not breach any duty of care owed to Plaintiff and/or Third Party Plaintiff.

### *Ninth Affirmative Defense*

Even if the Third Party Defendant acted negligently, its negligence did not cause Plaintiff and/or Third Party Plaintiff's injury or damage.

### *Tenth Affirmative Defense*

Plaintiff and/or Third Party Plaintiff's damages arise as a result of pure accident.

### *Eleventh Affirmative Defense*

Plaintiff and/or Third Party Plaintiff have failed to mitigate his damages.

### *Twelfth Affirmative Defense*

If it should be determined that Plaintiff and/or Third Party Plaintiffs and/or any other party herein were at fault, that the relative degree of fault of each be determined in accordance with applicable law, and that Third Party Defendant have judgment against any other party for contribution or indemnification in accordance with the law.

*Thirteenth Affirmative Defense*

As discovery is ongoing Third Party Defendant reserves the right to modify and/or amend these Affirmative Defenses upon completion of discovery and up to the time of Trial.

*Fourteenth Affirmative Defense*

Third Party Defendant contends, without admitting any liability whatsoever, that any alleged acts or omissions on its part were superseded by the acts or omissions of others, including those of Plaintiff and/or Third Party Plaintiffs, all of which were independent, intervening and superseding causes of any alleged injury, damage or loss to Plaintiff and/or Third Party Plaintiffs.

**THIRD PARTY DEFENDANT DEMANDS A JURY TRIAL AS TO ALL ISSUES.**

    Respectfully submitted,

    Fenestration Architectural Products, Inc.,
    By its attorney,

    /s/ William A. Bolton
    William A. Bolton, Esquire
    BBO# 048760
    Law Office of Pamela Storm
    10 Post Office Square, Suite 1155
    Boston, MA 02109
    (617) 556-0200

**CERTIFICATION**

I hereby certify that on  20th  day of  June  , 2006 a copy of the foregoing motion was sent by first-class mail and electronic filing to the following counsel of record.

Frank C. Corso, Esquire
Law Office of Frank C. Corso
15 Court Square, Suite 240
Boston, MA 02108

Patrick M. McCormack, Esquire
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108

Mark B. Lavoie, Esquire
McDonough, Hacking & Lavoie, LLP
6 Beacon Street, Suite 815
Boston, MA 02108

    /s/ William A. Bolton
    William A. Bolton