UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10246

| | |
|---|---|
| LORENZO GUARINO,<br>          Plaintiff<br><br>v.<br><br>R.W. GRANGER AND SONS, INC. &<br>SCAVONE C&M CONSTRUCTION CO., INC.,<br>          Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**THE DEFENDANT'S, SCAVONE C&M CONSTRUCTION CO., INC., SWORN STATEMENT PURSUANT TO LOCAL RULE 26.1(b)(2)**

The Defendant, Scavone C&M Construction Co., Inc., hereby makes this its sworn statement, through counsel, pursuant to and in accordance with Local Rule 26.1(b)(2), reserving the right to supplement and amend, as follows:

I.    Rule 26.1(b)(2)(a) – All Persons Known to the Defendant to Have Substantial Discoverable Information About the Claims and Defenses

The Defendant states that, to the best of its knowledge, the following individuals have substantial discoverable information regarding the claims and defenses in this matter:

    1.    **Dominic Scavone, 3300 Alternate 19, Lot 118, Dunedin FL, 34684**

Mr. Scavone was the owner/manager of the Defendant, Scavone C&M Construction Co., Inc., at the time of the Plaintiff's alleged accident. It is believed that Mr. Scavone has general knowledge of the construction project at the Old Rochester Regional High School ("the project") including the actions and responsibilities of Scavone at the project. Moreover, it is believed that Mr. Scavone has knowledge regarding the purchase, transport,

use and storage of the mesh material which the Plaintiff claims caused his accident.

2.  **Lorenzo Guarino, 80 Dewey Avenue, Pawtucket, RI 02861**

Mr. Guarino is the Plaintiff in this accident and is believed to have extensive knowledge regarding his claimed accident, injuries and claimed economic losses.

3.  **Ernest O'Brien, 20 Woodland Drive, Westminster, MA 01473**

Mr. O'Brien is the President of Granger Management Corporation a parent company of the Defendant, R.W. Granger and Sons, Inc. O'Brien is believed to have extensive knowledge regarding this project including issues relating to the maintenance of the work site and the storage of mesh material on said jobsite.

4.  **Alvin DuPont, 754 Sodom Road, Westport, MA 02790**

Mr. Dupont was the construction superintendent at the subject jobsite for the Defendant, R.W. Granger and Sons, Inc. at the time of the Plaintiff's alleged accident. Mr. Dupont is believed to have extensive knowledge regarding the project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the work site and the storage of mesh material on said jobsite, as well as the work of the Defendant, Scavone.

5.  **Robert LaPierre, 41 Boston Turnpike, Shrewsbury, MA  01545**

Mr. LaPierre was an employee of the Defendant, R.W. Granger and Sons, Inc. at the time of the accident. Mr. LaPierre is believed to have extensive knowledge regarding this project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the work site and the storage of mesh material on said jobsite.

6.     **Steven Campbell, 41 Boston Turnpike, Shrewsbury, MA  01545**

Mr. Campbell was an employee of the Defendant, R.W. Granger and Sons, Inc. at the time of the accident. Mr. Campbell is believed to have knowledge regarding this project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the work site and the storage of mesh material on said jobsite, as well as the work of the Defendant, Scavone.

7.     **Luann Scott, 41 Boston Turnpike, Shrewsbury, MA  01545**

Ms. Scott was an employee of the Defendant, R.W. Granger and Sons, Inc. at the time of the accident. Ms. Scott is believed to have knowledge regarding this project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the work site and the storage of mesh material on said jobsite.

8.     **Melissa Hicks, 5 Eastern Avenue, East Providence, RI  02914**

Ms. Hicks was an employee of Fenestration Architectural Products, Inc. at the time of the accident.  Ms. Hicks is believed to have knowledge regarding the project, the site conditions and the Plaintiff's claimed accident.

9.     **Ken Gelinas, 5 Eastern Avenue, East Providence, RI  02914**

Mr. Gelinas was an employee of Fenestration Architectural Products, Inc. at the time of the accident.  Mr. Gelinas is believed to have witnessed the Plaintiff's claimed accident and have knowledge of the project.

10.    **Designated Representative of BOC Gas**

It is believed that BOC Gas has knowledge with respect to the gas tank and piping installed on this project. The Plaintiff has claimed that he tripped over this piping during the course of his alleged accident.

11.  **Designated Representative of the Town of Marion**

It is believed that the Town of Marion had an employee on-site for this project who would likely have knowledge regarding the Plaintiff's claimed accident and the site condition of the jobsite prior to this alleged accident.

II.  <u>Rule 26.1(b)(2)(b) – All Statements Obtained from Opposing Parties Regarding The Subject Matter of The Claims or Defenses</u>

The Defendant states that, to the best of its knowledge, it has not obtained any statements from opposing parties, their officers, directors and/or agents relating to the matter.

III.  <u>Rule 26.1(b)(2)(c) – All Government Agencies Known to the Defendant to Have Investigated The Subject Matter of The Claims or Defenses</u>

The Defendant states that, to the best of its knowledge, no government agencies or officials have investigated the claims or defenses in this matter.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS** 29th **DAY OF** June **, 2006.**

_____
Mark B. Lavoie, BBO #553204
McDonough, Hacking & Lavoie, LLC

**CERTIFICATE OF SERVICE**
I hereby certify that I served a copy of the foregoing pleading on all parties by electronic service, to all counsel of record.
Signed under the pains and penalties of perjury.
DATED: June 29, 2006

4