UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORENZO GUARINO,<br>    Plaintiff<br>v.<br><br>R.W. GRANGER AND SONS, INC.<br>    Defendant/<br>    Third-Party Plaintiff<br>v.<br><br>SCAVONE C&M CONSTRUCTION CO., INC.,<br>And FENESTRATION ARCHITECTURAL<br>PRODUCTS, INC.,<br>    Third-Party Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)CIVIL ACTION NO: 04-10246<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### THE DEFENDANT'S, SCAVONE C&M CONSTRUCTION CO., INC., MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE PLAINTIFF

The Defendant, Scavone C&M Construction Co., Inc. ("Scavone") hereby submits this Motion to Compel Production of Documents pursuant to Rule 37 of the Federal Rules of Civil Procedure from the Plaintiff, Lorenzo Guarino ("Guarino"). As grounds therefor, Scavone states that the Plaintiff produced limited medical records in its initial disclosures pursuant to Rule 26. This disclosure, however, failed to include several types of documents believed to be in the possession, custody and control of the Plaintiff. Moreover, the Plaintiff has failed to supplement the medical documents relating to the Plaintiff's injuries and treatment as required by Rule 26(e). Accordingly, Scavone requests that the Court order Granger to produce the documents requested by Scavone in Appendix II by a date certain of the Court's choosing.

This case concerns allegations by the Plaintiff, Lorenzo Guarino, that he was injured at a construction site at the Old Rochester High School in Marion, Massachusetts on February 5, 2002. As a result of his fall, the Plaintiff claims that he suffered a

posterior malleolar fracture of the left ankle and a spiral fracture of the mid shaft of the fibula. It is alleged by the Plaintiff that he has suffered economic loss in the form of medical bills and lost wages as a result of this accident. The Plaintiff produced some medical records relating to the Plaintiff's diagnoses and treatment as part of his initial disclosures. The documents included in this disclosure, however, suggest large gaps in the records, wherein there are no records supplied between June 13, 2002 and December 30, 2002, between July 2003 and all of 2004 up through the time of the Plaintiff's surgery in September 2005. Further, there are no records beyond the immediate post surgical records in September 2005, notwithstanding the fact that the Plaintiff was apparently continuing treatment. It is further understood that the Plaintiff underwent a recent surgical procedure. The Plaintiff has failed to supplement these incomplete medical records as required by Rule 26(e). Moreover, the Plaintiff has not produced records regarding the Plaintiff's wage and hour information and documents relating to Guarino's worker's compensation case. The documents are essential to Scavone's defense of this matter where the subject documents are likely to have discoverable information regarding the Plaintiff's alleged damages.

Counsel for Scavone has previously made a request for these documents to the Plaintiff. Specifically, Scavone attempted to obtain these documents through Requests for Production of Documents to the Plaintiff on March 30, 2006. See Requests for Production of Documents attached hereto as Appendix I. Based on the Court Order of October 5, 2005 stating that no additional discovery go forward without leave of the Court, it was agreed that the Requests for Production would be put aside until a Scheduling Conference was ordered by the Court. Despite this lack of formal discovery,

counsel for Scavone and the Plaintiff agreed that Guarino would attempt to provide the requested documents at the earliest possible date. See Letter of Mark B. Lavoie dated April 28, 2006 attached hereto as Appendix II. Scavone states that the documents sought in this matter are of a type which is subject to disclosure pursuant to Rule 26 (a)(1)(B) and that the Plaintiff is under a duty to supplement these disclosures pursuant to Rule 26(e).

Scavone makes this Motion for the purposes of preserving this issue in light of the Court's Discovery Order of June 23, 2006, stating that all Motions not brought to the Court's attention by July 10, 2006 will be considered moot.

WHEREFORE, The Defendant, Scavone C&M Construction Co., Inc., hereby requests that this Court order the Plaintiff, Lorenzo Guarino, to produce the records requested in Appendix II by a date certain of the Court's choosing.

Respectfully submitted,
The Defendant,
Scavone C&M Construction Co., Inc.
By its Attorneys,

_____
Mark B. Lavoie, BBO #553204
McDonough, Hacking & Lavoie, LLC
One Washington Mall
Boston, MA 02108
(617) 367-0808

**CERTIFICATE OF SERVICE**
I hereby certify that I served a copy of the foregoing pleading on all parties by electronic service, to all counsel of record.
Signed under the pains and penalties of perjury.
DATED: July 7, 2006
Mark B. Lavoie

3