# APPENDIX I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10246

LORENZO GUARINO,
        Plaintiff

v.

R.W. GRANGER AND SONS, INC. &
SCAVONE C&M CONSTRUCTION CO., INC.,
        Defendants

**THE DEFENDANT'S, SCAVONE C&M CONSTRUCTION CO., INC., FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant, Scavone C&M Construction Co., Inc. ("Scavone"), requests that the Plaintiff, Lorenzo Guarino ("Plaintiff"), produce the following documents for inspection and copying within thirty (30) days of the date of service at the offices of McDonough, Hacking & Lavoie LLC, 6 Beacon Street, Suite 815, Boston, Massachusetts 02108.

**INSTRUCTIONS**

These document requests refer to "Interrogatory" meaning the interrogatories which the Defendant, Scavone, propounded to the Plaintiff in this action. The term "Defendant(s)" includes the Defendants, R.W. Granger and Sons, Inc., their agents, servants or employees and/or Scavone C&M Construction Co., Inc. their agents, servants or employees.

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 1:**

All photographs, sketches, drawings, maps or other documentation depicting the area where the accident occurred before, during and after the accident which forms the subject of this lawsuit ("the accident").

**REQUEST NO. 2:**

Each piece of correspondence between the Plaintiff and the Defendants concerning the subject matter of the Plaintiff's Complaint.

**REQUEST NO. 3:**

Each statement concerning this lawsuit or its subject matter previously made by any of the Defendants.

**REQUEST NO. 4:**

All photographs of the Plaintiff's injuries which were taken after the accident.

**REQUEST NO. 5:**

All hospital records, including diagnostic records (i.e. - x-rays, MRIs, CT scans and other imaging technologies) medical, dental, orthopedic, neurologic, psychiatric, psychological and chiropractic reports (including nurses' notes and doctors' records, office and treatment notes) relating to the injuries allegedly received by the Plaintiff as a result of the accident any other documents relating to the Plaintiff's response to Interrogatory Nos. 7 and 8.

**REQUEST NO. 6:**

All records relating to any physical therapy treatment and/or rehabilitation treatment of any kind received by the Plaintiff and any other documents relating to the Plaintiff's response to Interrogatory No. 8.

**REQUEST NO. 7:**

All bills for medical, dental, orthopedic, neurologic, psychiatric, psychological, rehabilitative, chiropractic, physical therapy or other health care treatment, services or consultation rendered to the Plaintiff as a result of the accident and any other documents relating to his response to Interrogatories Nos. 7 and 8.

**REQUEST NO. 8:**

All documents constituting, relating or referring to people believed by you to have knowledge of the accident.

**REQUEST NO. 9:**

All documents constituting, relating or referring to any investigation of the accident and other documents relating to the Plaintiff's response to Interrogatory No. 5.

2

**REQUEST NO. 10:**

All W-2 statements, federal and state income tax returns or other documents relating to the plaintiff's earnings, if any, from the year 1997 to the present.

**REQUEST NO. 11:**

If the Plaintiff is claiming a lost earning capacity, all documents which the Plaintiff contends would support such a claim.

**REQUEST NO. 12:**

All documents constituting, relating or referring to any evidence which proves, tends to prove, or suggests in any way that the Defendants were in violation of any laws, codes, standards or regulations in effect at the time of the accident, and any other documents relating to the Plaintiff's response to Interrogatory No. 2.

**REQUEST NO. 13:**

All documents (including all medical records such as those identified in Request No. 5, above) relating or referring to injuries or medical conditions sustained by the Plaintiff any time fifteen (15) years before the accident and any other documents relating to the Plaintiff's response to Interrogatory No. 11.

**REQUEST NO. 14:**

All documents (including all medical records such as those identified in Request No. 5, above) relating or referring to injuries or medical conditions sustained by the Plaintiff any time after the accident and any other documents relating to his response to Interrogatory No. 12.

**REQUEST NO. 15:**

All statements, signed or unsigned, written or recorded given by the Plaintiff relating to the alleged accident which is the subject of this suit.

**REQUEST NO. 16:**

All statements, signed or unsigned, written or recorded, given by and any witnesses to the accident which is the subject of this suit.

**REQUEST NO. 17:**

All documents which prove, tend to prove or support in any way your claim that the Defendants were negligent, including any documents or other writings relating to your answer to interrogatories on this topic.

3

**REQUEST NO. 18:**

All documents constituting, relating or referring to any claim for personal injury, including workers compensation, filed or made by the Plaintiff and identified in his Answers to Interrogatories.

**REQUEST NO. 19:**

All documents, photos or other such evidence which the Plaintiff intends to introduce at the trial of this action.

**REQUEST NO. 20:**

All documents constituting, relating or referring to any criminal convictions received by the Plaintiff for a felony within the last ten years and/or a misdemeanor within the last five years

**REQUEST NO. 21:**

All documents used, reviewed, referred to or relied upon by the Plaintiff's experts in this action.

**REQUEST NO. 22:**

All documents identified, used or referred to in each of the Plaintiff's Answers to Interrogatories which have not been requested above.

Respectfully submitted,

The Defendant,
Scavone C&M Construction Co., Inc.
By its attorneys,

_____
Mark B. Lavoie, BBO# 553204
John J. Conforti, BBO# 657694
McDonough, Hacking & Lavoie, LLC
6 Beacon Street, Suite 815
Boston, MA 02108
(617) 367-0808

**CERTIFICATE OF SERVICE**
I hereby certify that I served a copy of the foregoing pleading on all parties by mailing same, postage prepaid, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED: _____

4

## APPENDIX II

# McDONOUGH, HACKING & LAVOIE, LLC

COUNSELLORS AT LAW
6 BEACON STREET, SUITE 815
BOSTON, MASSACHUSETTS 02108

website: www.mhnattys.com

Mark B. Lavoie, Esq.
Direct Dial: (617) 367-3816
email: mlavoie@mhnattys.com

Telephone 617-367-0808
Facsimile 617-367-8307

April 28, 2006

Frank C. Corso, Esq.
Law Office of Frank C. Corso
15 Court Square
Boston, MA 02108

Re:   Lorenzo Guarino v. R.W. Granger & Sons, Inc. v
      Scavone C&M Construction Co., Inc.
      United States District Court Civil Action No.: 04-10246

Dear Mr. Corso:

    This letter confirms our recent telephone discussion on this case. You indicated that the Plaintiff will try to provide the material requested below to the Defendant, Scavone, at the earliest possible time.

    As I indicated to you, my file does not contain certain pertinent information in the discovery materials that I received, including the following:

1)   Color photographs of the accident scene;

2)   Plaintiff's union records;

3)   Plaintiff's employment wage records with Fenestration Glass LLC;

4)   The x-rays of the Plaintiff's left ankle both before and after the subject accident and his various surgeries;

5)   The medical records received by this office suggest large gaps in the records, wherein there are no records supplied between June 13, 2002 and December 30, 2002, between July 2003 and all of 2004 up through the time of the Plaintiff's surgery in September 2005. Further, there are no records beyond the immediate post surgical records in September 2005, notwithstanding the fact that the Plaintiff was apparently continuing to see Dr. Fathallan on a

Frank C. Corso, Esq.
April 28, 2006
Page 2

> monthly basis, and it is also understood that he was undergoing a recent surgical procedure;

6) Plaintiff's tax returns;

7) The Plaintiff physical therapy records (the records provided do not appear to be complete, including records from JBL Rehab Associates and the Donnelly Center);

8) The Plaintiff's worker compensation records and file. The information suggests that the Plaintiff was examined by a Dr. Blazar and the report of that examination has not been provided;

In addition, there are several areas of discovery which this office is interested in obtaining, including:

1) Plaintiff's deposition;

2) The Defendant wishes to have a Rule 35 examination conducted of Mr. Guarino by an orthopedic doctor on its behalf (Dr. Glick). You kindly agreed to assent to this Motion for Examination.

3) The Defendant wishes to have a functional capacity examination of Mr. Guarino conducted by a vocational rehabilitation doctor, (Dr. Norman Hursh). You kindly agreed to assent to such a motion.

4) The Defendant is interested in taking the deposition of the following individuals:

   a) Ernest O'Brien;
   b) Alvin Dupont;
   c) Robert LaPierre;
   d) Steven Campbell;
   e) Lauren Scott;
   f) Melissa Hicks;
   g) Ken Gelinas;
   h) Rule 30(b)(6) designee of BOC Gasses; and
   i) The Clerk of the Works on the project.

In light of the large gaps of information in the Plaintiff's discovery provided to date, I would request that you forward the requested materials as soon as possible. I am mindful of Granger's stated intention to add Fenestration as a Third-Party Defendant, and of your concern about completing discovery one time with all parties present. I am concerned, however, of protecting my client's position by obtaining the necessary

Frank C. Corso, Esq.
April 28, 2006
Page 3

discovery to defend the case. If this issue is not resolved in the near term, I would like to proceed with the outlined discovery. Please get back to me with your position at your earliest convenience.

                    Very truly yours,

                    Mark B. Lavoie

MBL/cs
cc:    Patrick M. McCormack, Esq.