UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORENZO GUARINO,<br>        Plaintiff<br>v.<br><br>R.W. GRANGER AND SONS, INC.<br>        Defendant/<br>        Third-Party Plaintiff<br>v.<br><br>SCAVONE C&M CONSTRUCTION CO., INC.,<br>And FENESTRATION ARCHITECTURAL<br>PRODUCTS, INC.,<br>        Third-Party Defendants | CIVIL ACTION NO: 04-10246 |

**THE DEFENDANT'S, SCAVONE C&M CONSTRUCTION CO., INC., MOTION TO COMPEL PRODUCTION OF DOCUMENTS FROM THE DEFENDANT, R.W. GRANGER AND SONS, INC.**

The Defendant, Scavone C&M Construction Co., Inc. ("Scavone") hereby submits this Motion to Compel Production of Documents pursuant to Rule 37 of the Federal Rules of Civil Procedure from the Defendant, R.W. Granger and Sons, Inc. ("Granger"). As grounds therefor, the Defendant states that it has requested an opportunity to review project documents in the possession of R.W. Granger, Inc. relating to the construction project that is the subject of this lawsuit. Importantly, these documents are of the type which should have been disclosed by Granger pursuant to Rule 26(a)(1)(B). In its Initial Disclosures to the Court, it indicated that complete copies of several types of project documents would be made available for review. See Granger's Initial Disclosure attached hereto as Appendix I. Despite several assurances from Granger's counsel that these documents would be made available for review, Granger has thus far been unable to produce these documents. Accordingly, Scavone requests that the

Court order Granger to produce these documents for inspection and copying by a date certain.

This case concerns allegations by the Plaintiff, Lorenzo Guarino, that he was injured at a construction site at the Old Rochester High School in Marion, Massachusetts on February 5, 2002. Based on the discovery performed to date it is believed that Granger was the general contractor for the project. The Plaintiff has alleged that Scavone, a concrete subcontractor for the project, was negligent in storing wire mesh on the worksite which caused or contributed to the Plaintiff's accident. Scavone denies the Plaintiff's allegations and states that it was not responsible for the purchase, delivery, transportation or storage of the subject mesh material. The project documents in the possession of Granger are essential to Scavone's defense of this matter where the subject documents are likely to have discoverable information regarding the Plaintiff's accident, the investigation of the accident, the maintenance of the worksite, the responsibilities for the mesh material, the location of Scavone's work, if any, at the time of the accident and several other relevant subjects.

Counsel for Scavone has made a request for these documents on several occasions. After entering this case in late February of 2006, counsel for Scavone contacted Granger's attorney to ascertain if it had all project documents in Granger's possession relating to this case. See letter of John Conforti dated March 20, 2006 attached hereto as Appendix II. Granger's attorney, Patrick McCormack, responded that he had been attempting to schedule a review of these documents and was unclear of their current location. On March 30, 2006, Scavone attempted to obtain these documents through Requests for Production of Documents to Granger. See Requests for Production of

Documents attached hereto as Appendix III. Based on the Court Order of October 5, 2005 stating that no additional discovery go forward without leave of the Court, it was agreed that the Requests for Production would be put aside until a Scheduling Conference was ordered by the Court. Despite this lack of formal discovery, counsel for Scavone and Granger agreed that Granger would attempt to provide these documents for inspection and copying at the earliest possible date. See Letter of Mark B. Lavoie dated April 26, 2006 attached hereto as Appendix IV. Scavone states that the project documents sought in this matter are of a type which is subject to disclosure pursuant to Rule 26 (a)(1)(B).

Scavone understands that Granger has had difficulty in obtaining these documents and has recently hired an investigator to assist in determining the location of these documents. Accordingly, Scavone makes this Motion for the purposes of preserving this issue in light of the Court's Discovery Order of June 23, 2006, stating that all Motions not brought to the Court's attention by July 10, 2006 will be considered moot.

WHEREFORE, The Defendant, Scavone C&M Construction Co., Inc., hereby requests that this Court order the Defendant, R.W. Granger and Sons, Inc., to produce all project records relating to the subject construction project by a date certain of the Court's choosing.

Respectfully submitted,
The Defendant,
Scavone C&M Construction Co., Inc.
By its Attorneys,

_____
Mark B. Lavoie, BBO #553204
McDonough, Hacking & Lavoie, LLC
One Washington Mall
Boston, MA 02108
(617) 367-0808

**CERTIFICATE OF SERVICE**
I hereby certify that I served a copy of the foregoing pleading on all parties by electronic service, to all counsel of record.
Signed under the pains and penalties of perjury.
DATED: July 7, 2006
MwL R-Lw

3