# APPENDIX I

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LORENZO GUARINO, )
    Plaintiff )
                              )
V.                         )     CIVIL NO. 04-10246
                              )
R.W. GRANGER & SONS, INC., )
    Defendant )

### DEFENDANT'S RESPONSE TO DISCOVERY ORDER OF MAY 25, 2004

### DEFENDANT'S INITIAL DISCLOSURE

Defendant, R. W. Granger & Sons, Inc., by its attorney, Patrick M. McCormack, makes the following initial disclosures as required by Federal Rules of Civil Procedure 26(a)(1), local rule 26.2(A), 26.1(B) and deputy clerk of U.S. District Court, District of Massachusetts, Zita Lovettt's discovery order of 5/25/04.

A.    Individuals with discoverable information regarding plaintiff's claim.

1.    The following individual is likely to have discoverable information regarding the defenses to the claim of the plaintiff:

      Ernest O'Brien, President, R.W. Granger & Sons, Inc., 415 Boston Turnpike, Shrewsbury, MA 015454. Mr. O'Brien is the person most knowledgeable within the defendant corporation concerning the construction site where the plaintiff is alleged to have sustained injury.

B.    Relevant document and tangible things.

      The following records are supplied to the plaintiff:

1.    Certain Meeting Minutes taken of the general contractor/sub-contractor weekly meetings. The Meeting Minutes supplied are for the period immediately prior to the plaintiff's alleged accident. A complete copy of all Meeting Minutes may be viewed at the offices of R.W. Granger at a mutually convenient time.

2.    R.W. Granger & Sons' Superintendent Daily Job reports for the period of time immediately preceding the plaintiff's alleged accident. A complete copy of the Superintendant's Daily Job reports may be viewed at the offices of R.W. Granger & Sons, Inc. at a mutually convenient time.

3. A copy of the sub-contract between R.W. Granger & Sons, Inc. and the plaintiff's employer, Fenestration Architectural Products, LLC as well as change orders thereto. A complete copy of all sub-contracts for the construction job in question may be viewed at the offices of R.W. Granger & Sons, Inc. at a mutually convenient time.

4. Insurance Agreements.

R. W. Granger & Sons, Inc. is insured by CNA Insurance Company with a policy limit of $1,000,000.00. A copy of the insurance policy may be viewed at the Law Office of Jacqueline L. Allen, 262 Washington Street, Boston, MA 02108 at a mutually convenient time.

By its attorney,

Patrick M. McCormack
B.B.O. No. 546194
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4614

### CERTIFICATE OF SERVICE

I, Patrick M. McCormack, attorney for the Defendant, R.W. Granger & Sons, Inc., in the above-entitled action, hereby certify that on the 13th day of August, 2004, I delivered a copy of the Defendant's Response to Discovery Order of 5/25/04, by hand to:

Frank C. Corso, Esq.
15 Court Square Suite 240
Boston, MA 02108

Patrick M. McCormack
B.B.O. No. 546194
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108
617-878-4614

# APPENDIX II

# McDONOUGH, HACKING & LAVOIE, LLC

COUNSELLORS AT LAW
6 BEACON STREET, SUITE 815
BOSTON, MASSACHUSETTS 02108

website: www.mhnattys.com

John J. Conforti, Esq.
Direct Dial: (617) 367-3823
email: jconforti@mhnattys.com

Telephone 617-367-0808
Facsimile 617-367-8307

March 20, 2006

Patrick M. McCormack, Esq.
Law Offices of Jacqueline Allen
262 Washington Street, Suite 601
Boston, MA 02108

Re:   Lorenzo Guarino v. R.W. Granger & Sons, Inc. v
      Scavone C&M Construction Co., Inc.
      United States District Court Civil Action No.: 04-10246

Dear Mr. McCormack:

This office has been reviewing the file in anticipation of the trial scheduled for May 15, 2006. I would request that you contact me at your earliest convenience regarding the Plaintiff's medical records in this matter as well as all of the project records for the Old Rochester High School construction. Specifically, I would like to confirm that I have a copy of all of the records that have been produced to this point in discovery. Moreover, I would like to discuss with you the possibility of obtaining additional documents in this matter.

Thank you for your attention in this regard. I look forward to hearing from you.

Very truly yours,

John J. Conforti

# APPENDIX III

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10246

LORENZO GUARINO,
        Plaintiff

v.

R.W. GRANGER AND SONS, INC. &
SCAVONE C&M CONSTRUCTION CO., INC.,
        Defendants

## THE DEFENDANT'S, SCAVONE C&M CONSTRUCTION CO., INC., REQUEST FOR PRODUCTION OF DOCUMENTS TO THE DEFENDANT, R.W. GRANGER AND SONS, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, the Defendant, Scavone C&M Construction Co., Inc. ("Scavone"), requests that the Defendant, R.W. Granger and Sons, Inc. ("Granger"), produce the following documents for inspection and copying within thirty (30) days of the date of service at the offices of McDonough, Hacking & Lavoie LLC, 6 Beacon Street, Suite 815, Boston, Massachusetts 02108.

### REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1

Any and all photographs, slides, videotapes, motion pictures, and/or film which depict the area of the Plaintiff's alleged accident at any time prior to during or subsequent to the Plaintiff's alleged accident.

REQUEST NO. 2

All documents, writings or electronic information constituting, relating or referring to contracts between Granger and any entity relating to work performed at the Old Rochester Regional Junior/Senior High School project.

REQUEST NO. 3

Any and all:

(a)   investigative reports;

(b)   drawings and diagrams; and

(c)   reports prepared by any person regarding the Plaintiff's accident and damages asserted by the Plaintiff's Complaint.

REQUEST NO. 4

Copies of all signed or unsigned statements or statements recorded by mechanical and/or electronic means, regarding the Plaintiff's alleged accident and/or claimed damages which are in Granger' possession custody or control.

REQUEST NO. 5

Any and all documents constituting, concerning or evidencing correspondence or communications between Granger and any other person or entity concerning the Plaintiff's alleged accident and/or claimed damages.

REQUEST NO. 6

All documents, writings or electronic information constituting, relating or referring to opinions of experts Granger intends to call at the trial of this action, including any report(s) created by or on behalf of such expert(s), including expert's curriculum vitae, notes, calculations and any other such information reviewed, referred to, relied upon or produced by the expert(s).

REQUEST NO. 7

All documents, writings or other things that Granger expects to introduce in the trial of this action.

REQUEST NO. 8

All documents relating to the alleged hazardous condition which the Plaintiff claims caused his fall.

REQUEST NO. 10

All documents constituting, relating or referring to any evidence which proves, tends to prove, or suggests in any way that Scavone was in violation of any laws, codes, standards or regulations in effect on the accident date.

2

REQUEST NO. 11

All statements, signed or unsigned, written or recorded given by Granger relating to the incident described in the Plaintiff's Complaint.

REQUEST NO. 12

All statements, signed or unsigned, written or recorded, given by any witnesses to the incident described in the Plaintiff's Complaint.

REQUEST NO. 13

All documents constituting relating or referring to insurance policies maintained which are potentially available to Granger to cover any portion of the Plaintiff's claim, including in your answer the insurer, policy number, policy type (general property, excess, umbrella, etc.), policy limits, and the identity of any named insured under the policy.

REQUEST NO. 14

All superintendent's daily reports for the project which is the subject of the Plaintiff's Complaint.

REQUEST NO. 15

The foreman's daily log reports for the project which is the subject of the Plaintiff's Complaint.

REQUEST NO. 16

Certified payroll records for all workers on site on the date of the incident which is the subject of the Plaintiff's Complaint.

REQUEST NO. 17

All safety meeting minutes for the subject project including all records which relate in any way to construction site cleanup on the project.

REQUEST NO. 18

All records regarding notice of tripping hazards on the project as alleged in the Plaintiff's Complaint.

REQUEST NO. 19

All documents constituting, relating or referring to the purchase, delivery, placement, use and disposal of the steel mesh at the subject construction project, including the mesh which the Plaintiff claims to have tripped on at the time of the accident.

REQUEST NO. 20

All project records, plans, specifications, contracts, subcontracts, progress photos, daily reports, and any other records which concern the subject construction project and which are related to the Plaintiff's claimed accident.

REQUEST NO. 21

All documents identified, use or referred to in each of the Granger's Answers to Interrogatories which have not been requested above.

Respectfully submitted,
The Defendant,
Scavone C&M Construction Co., Inc.
By its attorneys,

Mark B. Lavoie, BBO# 553204
John J. Conforti, BBO# 657694
McDonough, Hacking & Lavoie, LLC
6 Beacon Street, Suite 815
Boston, MA 02108
(617) 367-0808

CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing pleading on all parties by mailing same, postage prepaid, to all counsel of record.
Signed under the pains and penalties of perjury.

DATED: 3/30/200_

4

# APPENDIX IV

# McDONOUGH, HACKING & LAVOIE, LLC

## COUNSELLORS AT LAW
6 BEACON STREET, SUITE 815
BOSTON, MASSACHUSETTS 02108

website: www.mhnattys.com

Mark B. Lavoie, Esq.
Direct Dial: (617) 367-3816
email: mlavoie@mhnattys.com

Telephone 617-367-0808
Facsimile 617-367-8307

April 26, 2006

Patrick M. McCormack, Esq.
Law Offices of Jacqueline Allen
262 Washington Street, Suite 601
Boston, MA 02108

Re:   Lorenzo Guarino v. R.W. Granger & Sons, Inc. v
      Scavone C&M Construction Co., Inc.
      United States District Court Civil Action No.: 04-10246

Dear Mr. McCormack:

    Confirming our telephone discussion on April 26, 2006, I am interested in examining the project records of R.W. Granger with respect to the subject construction project where the Plaintiff claimed he was injured on February 5, 2002. You indicated that you will speak with the representatives of Granger and get back to me hopefully in the near term with a date to examine these records.

    In addition, as we discussed, I am interested in conducting depositions of certain Granger witnesses, including the following:

1. Alvin Dupont;
2. Robert LaPierre;
3. Louanne Scott; and
4. Steven Campbell.

    In addition, I am interested in taking the deposition of certain Fenestration Architectural Products' employees including Ken Gelinas and Melissa Hicks. I am also interested in taking the deposition of the Plaintiff. You were concerned about depositions outside the scope of Judge Tauro's order, which unfortunately was not in writing so I cannot evaluate the same. As you know, this office has a motion pending before the Court for a conference (to address these issues amongst others) for six weeks. I would like to avoid a crunch of discovery prior to the new trial date.

Patrick M. McCormack, Esq.
Law Offices of Jacqueline Allen
April 26, 2006
Page 2

In addition, my office will prepare a Rule 35 Motion to have the Plaintiff examined by Dr. Glick.

As such, please contact me at your earliest convenience to advise on these issues.

Thank you for your attention in this regard.

Very truly yours,

Mark B. Lavoie

MBL:rac