UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lorenzo Guarino,<br>        Plaintiff<br><br>v.<br><br>R.W. Granger & Sons, Inc.<br>        Defendant/Third Party Plaintiff<br><br>v.<br><br>Scavone C&M Construction Co., Inc. and<br>Fenestration Architectural Products, Inc.<br>        Third Party Defendants | CIVIL ACTION NO. 04-CV-10246 JLT |

**THIRD PARTY DEFENDANT FENESTRATION ARCHITECTURAL PRODUCTS, INC.'S INITIAL DISCLOSURE PURSUANT TO F.RC.P. 26(a)(1)**

Now comes the Third Party Defendant Fenestration Architectural Products, Inc., and makes the following disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and (2), and Local Rule 26.2(A). As discovery and investigation are continuing, the Third Party Defendant reserves the right to supplement this disclosure as additional information becomes available, and/or as the Plaintiff states his claim with more specificity.

1.   Pursuant to Fed. R. Civ. P. 26(a)(1)(A), the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings identifying the subjects of the information.

**RESPONSE**

**Abdel Elsawabi, President of Fenestration Architectural Products, 5 Eastern Avenue, East Providence, RI 02914**. It is believed Mr. Elsawabi has general knowledge of the construction project at the Old Rochester Regional High School including the actions and responsibilities of Fenestration Architectural Products. It is believed Mr. Elsawabi has

knowledge regarding the contract entered into between Fenestration Architectural Products and R.W. Granger. It is believed Mr. Elsawabi has knowledge regarding the scope of the work undertaken by Fenestration Architectural Products, Inc. at the Old Rochester Regional High School project.

**Lorenzo Guarino, 80 Dewey Avenue, Pawtucket, RI 02861**. Mr. Guarino is the Plaintiff in this accident and was an employee of Fenestration Architectural Products, Inc. at the time of injury. It is believed he has extensive knowledge regarding his claimed accident, injuries, and claimed economic loss.

**Melissa Hicks, Fenestration Architectural Products, 5 Eastern Avenue, East Providence, RI 02914**. Ms. Hicks at the time of the incident was an employee of Fenestration Architectural Products. It is believed Ms. Hicks has knowledge regarding the project, site condition and may have knowledge relating to the Plaintiff's claimed accident.

**Ken Gelinas, Fenestration Architectural Products, 5 Eastern Avenue, East Providence, RI 02914**. Mr. Gelinas at the time of the incident was an employee of Fenestration Architectural Products. It is believed Mr. Gelinas may have witnessed the Plaintiff's claimed accident and may have knowledge regarding the construction project.

**Ernest O'Brien, 20 Woodland Drive, Westminster, MA 01473**. Mr. O'Brien is the President of Granger Management Corporation, a parent company of the Defendant R.W. Granger and Sons, Inc. Mr. O'Brien is believed to have extensive knowledge regarding the project including issues relating to the maintenance of the work site and the storage of mesh material at the Old Rochester Regional High School project.

**Alvin DuPont, 754 Sodom Road, Westport, MA 02790**. Mr. DuPont was the construction superintendent at the Old Rochester Regional High School project for R.W. Granger and Sons at the time of the Plaintiff's alleged accident. Mr. DuPont is believed to have extensive knowledge regarding the project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the Old Rochester Regional High School worksite, as well as the work of the Third Party Defendant Scavone.

**Robert LaPierre, 41 Boston Turnpike, Shrewsbury, MA 01545**. Mr. LaPierre was an employee of the Defendant R.W. Granger and Sons at the time of the alleged accident. Mr. LaPierre is believed to have extensive knowledge regarding the Old Rochester Regional High School project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the worksite and the storage of mesh material on said jobsite.

**Steven Campbell, 41 Boston Turnpike, Shrewsbury, MA 01545**. Mr. Campbell was an employee of the Defendant R.W. Granger and Sons at the time of the accident. Mr. Campbell is believed to have knowledge regarding the Old Rochester Regional High School project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the worksite and the storage of mesh material on said jobsite, as well as the work of the Defendant Scavone.

**Luann Scott, 41 Boston Turnpike, Shrewsbury, MA 01545**. Ms. Scott was an employee of the Defendant R.W. Granger and Sons at the time of the accident. Ms. Scott is believed to have knowledge regarding the Old Rochester Regional High School project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the worksite and the storage of mesh material on said jobsite.

**Representative of BOC Gas**. It is believed BOC Gas has knowledge with respect to the gas tank and piping installed at the Old Rochester Regional High School project. The Plaintiff has claimed he tripped over this piping during the course of his alleged accident.

2. Pursuant to Fed. R. Civ. P. 26 (a) (1) (B), a copy, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

**RESPONSE**

The contract entered into between Fenestration Architectural Products and R.W. Granger and Sons. The Third Party Defendant is in the process of reviewing its files including the construction file relating to the Old Rochester Regional High School project.

3. Pursuant to Fed. R. Civ. P. 26 (a) (1) (C), a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE**

See Plaintiff's Voluntary Disclosure.

4. Pursuant to Fed. R. Civ. P. 26 (a) (1) (D), for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of the judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE**

The Hartford Financial Services Group, Inc. affords liability insurance coverage of $1,000,000 per incident under policy no. 02 SBA NQ4279. Upon request, a copy of the policy will be requested.

5. Pursuant to Fed. R. Civ. P. 26 (a) (2) (A), in addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703 or 705 of the Federal Rules of Evidence.

**RESPONSE**

Third Party Defendant states it has been informed by counsel that experts have not yet been selected. The Third Party Defendant agrees to timely supplement this response by identifying each person whom the Third Party Defendant expects to call as an expert witness at trial, by stating the subject matter on which the expert is expected to testify and by stating the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion pursuant to the provisions of the Federal Rules of Civil Procedure and pursuant to the Court Scheduling Order issued in this matter.

6. Pursuant to Fed. R. Civ. P. 26 (a) (2) (B), disclosure of any expert shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness.

**RESPONSE**

Please see response to the previous disclosure category.

Respectfully submitted,

Fenestration Architectural Products, Inc.,
By its attorney,

/s/ William A. Bolton
William A. Bolton, Esquire
BBO# 048760
Law Offices of Patricia C. Fraizer
10 Post Office Square, Suite 1155
Boston, MA 02109
(617) 556-0200

4

## CERTIFICATION

      I hereby certify that on <u>11th</u> day of <u>July</u>, 2006 a copy of the foregoing motion was sent by first-class mail and electronic filing to the following counsel of record.

| | |
|---|---|
| Frank C. Corso, Esquire<br>Law Office of Frank C. Corso<br>15 Court Square, Suite 240<br>Boston, MA 02108 | Patrick M. McCormack, Esquire<br>Law Offices of Jacqueline L. Allen<br>262 Washington Street, Suite 601<br>Boston, MA 02108 |

Mark B. Lavoie, Esquire
McDonough, Hacking & Lavoie, LLP
6 Beacon Street, Suite 815
Boston, MA 02108

                                              /s/ William A. Bolton
                                              William A. Bolton