UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lorenzo Guarino,<br>    Plaintiff<br><br>v.<br><br>R.W. Granger & Sons, Inc.<br>    Defendant/Third Party Plaintiff<br><br>v.<br><br>Scavone C&M Construction Co., Inc. and<br>Fenestration Architectural Products, Inc.<br>    Third Party Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-CV-10246 JLT |

**THIRD PARTY DEFENDANT FENESTRATION ARCHITECTURAL PRODUCTS, INC.'S SWORN STATEMENT PURSUANT TO LOCAL RULE 26.1(b)(2)**

The Third Party Defendant Fenestration Architectural Products, Inc. hereby makes this its sworn statement, through counsel, pursuant to and in accordance with Local Rule 26.1(b)(2) reserving the right to supplement and amend as follows:

1. Rule 26.1(b)(2)(a) All Persons Known to the Defendant to Have Substantial Discoverable Information About Claims and Defenses.

    The Third Party Defendant states that, to the best of its knowledge, the following individuals have substantial discoverable information regarding the claims and defenses in this matter:

    a. **Abdel Elsawabi, President of Fenestration Architectural Products, 5 Eastern Avenue, East Providence, RI 02914**. It is believed Mr. Elsawabi has general knowledge of the construction project at the Old Rochester Regional High School

including the actions and responsibilities of Fenestration Architectural Products. It is believed Mr. Elsawabi has knowledge regarding the contract entered into between Fenestration Architectural Products and R.W. Granger. It is believed Mr. Elsawabi has knowledge regarding the scope of the work undertaken by Fenestration Architectural Products, Inc. at the Old Rochester Regional High School project.

b. **Lorenzo Guarino, 80 Dewey Avenue, Pawtucket, RI 02861**. Mr. Guarino is the Plaintiff in this accident and was an employee of Fenestration Architectural Products, Inc. at the time of injury. It is believed he has extensive knowledge regarding his claimed accident, injuries, and claimed economic loss.

c. **Melissa Hicks, Fenestration Architectural Products, 5 Eastern Avenue, East Providence, RI 02914**. Ms. Hicks at the time of the incident was an employee of Fenestration Architectural Products. It is believed Ms. Hicks has knowledge regarding the project, site condition and may have knowledge relating to the Plaintiff's claimed accident.

d. **Ken Gelinas, Fenestration Architectural Products, 5 Eastern Avenue, East Providence, RI 02914**. Mr. Gelinas at the time of the incident was an employee of Fenestration Architectural Products. It is believed Mr. Gelinas may have witnessed the Plaintiff's claimed accident and may have knowledge regarding the construction project.

e. **Ernest O'Brien, 20 Woodland Drive, Westminster, MA 01473**. Mr. O'Brien is the President of Granger Management Corporation, a parent company of the Defendant R.W. Granger and Sons, Inc. Mr. O'Brien is believed to have extensive knowledge regarding the project including issues relating to the maintenance of the work site and

the storage of mesh material at the Old Rochester Regional High School project.

f. **Alvin DuPont, 754 Sodom Road, Westport, MA 02790**. Mr. DuPont was the construction superintendent at the Old Rochester Regional High School project for R.W. Granger and Sons at the time of the Plaintiff's alleged accident. Mr. DuPont is believed to have extensive knowledge regarding the project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the Old Rochester Regional High School worksite, as well as the work of the Third Party Defendant Scavone.

g. **Robert LaPierre, 41 Boston Turnpike, Shrewsbury, MA 01545**. Mr. LaPierre was an employee of the Defendant R.W. Granger and Sons at the time of the alleged accident. Mr. LaPierre is believed to have extensive knowledge regarding the Old Rochester Regional High School project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the worksite and the storage of mesh material on said jobsite.

h. **Steven Campbell, 41 Boston Turnpike, Shrewsbury, MA 01545**. Mr. Campbell was an employee of the Defendant R.W. Granger and Sons at the time of the accident. Mr. Campbell is believed to have knowledge regarding the Old Rochester Regional High School project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the worksite and the storage of mesh material on said jobsite, as well as the work of the Defendant Scavone.

i. **Luann Scott, 41 Boston Turnpike, Shrewsbury, MA 01545**. Ms. Scott was an employee of the Defendant R.W. Granger and Sons at the time of the accident. Ms. Scott is believed to have knowledge regarding the Old Rochester Regional High

School project including observations of the area of the Plaintiff's accident and issues relating to the maintenance of the worksite and the storage of mesh material on said jobsite.

j. **Representative of BOC Gas**. It is believed BOC Gas has knowledge with respect to the gas tank and piping installed at the Old Rochester Regional High School project. The Plaintiff has claimed he tripped over this piping during the course of his alleged accident.

2. Rule 26.1(b)(2)(b) All Statements Obtained from Opposing Parties Regarding the Subject Matter of the Claims or Defenses

The Defendant states that, to the best of its knowledge, it has not obtained any statements from opposing parties, their officers, directors and/or agents relating to the matter.

3. Rule 26.1(b)(2)(c) All Government Agencies Known to the Defendant to Have Investigated the Subject Matter of the Claims or Defenses

The Defendant states that, to the best of its knowledge, no government agencies or officials have investigated the claims or defenses in this matter.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS   11th    DAY OF     July        , 2006.

/s/ William A. Bolton
William A. Bolton

4

## CERTIFICATION

I hereby certify that on  11th  day of  July   , 2006 a copy of the foregoing motion was sent by first-class mail and electronic filing to the following counsel of record.

Frank C. Corso, Esquire
Law Office of Frank C. Corso
15 Court Square, Suite 240
Boston, MA 02108

Mark B. Lavoie, Esquire
McDonough, Hacking & Lavoie, LLP
6 Beacon Street, Suite 815
Boston, MA 02108

Patrick M. McCormack, Esquire
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108

/s/ William A. Bolton
William A. Bolton