UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORENZO GUARINO,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| R.W. GRANGER & SONS, INC. and<br>SCAVONE C&M CONSTRUCTION CO., INC.,<br>    Defendants | ) C.A. NO.: 04-10246<br>)<br>)<br>) |
| and | )<br>) |
| R.W. GRANGER AND SONS, INC.,<br>    Defendant/Third-Party Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| SCAVONE C & M CONSTRUCTION CO.,<br>INC., and FENESTRATION ARCHITECTURAL<br>PRODUCTS, INC.,<br>    Third-Party Defendant | )<br>)<br>)<br>) |

**THIRD-PARTY DEFENDANT, FENESTRATION ARCHITECTURAL PRODUCTS, INC.'S, PRE-TRIAL MEMORANDUM**

Third-Party Defendant, Fenestration Architectural Products, Inc. (hereinafter "Fenestration") hereby submits this Pre-Trial Memorandum in accordance with the Court's order of March 16, 2007, reserving the right to supplement and amend.

**I.    CONCISE SUMMARY OF THE EVIDENCE**

The third-party defendant adopts the summary of evidence set forth by Scavone. With regard to Scavone's description of how the plaintiff's accident occurred. The third-party defendant does not adopt Scavone's explanation as to who is responsible for the wire mesh and asserts that a question of fact exists as to what involvement Scavone had with the mesh, whether

the mesh was debris which should have been dealt with by Scavone and whose responsibility such debris removal or material handling was pursuant to Scavone's sub-contact with Granger.

<u>Plaintiff's Claimed Damages</u>

Fenestration adopts Scavone's statements as to the plaintiff's claimed damages.

## II.     FACTS ESTABLISHED BY THE PLEADINGS, STIPULATIONS OR ADMISSIONS OF COUNSEL

Fenestration adopts facts as set forth by Scavone in Paragraphs 1 through 5 of its Pre-Trial Memorandum and adds Paragraph 6 as follows:

6.    At no time was Fenestration responsible for the handling, distribution, movement or transport of wire mesh of the type that the plaintiff allegedly tripped on at the time of his accident.

7.    At no time was Fenestration responsible for the placement, handling, maintenance or signage for any gas lines providing temporary heat for the structure.

8.    At no time was Fenestration or, its agents, servants and employees precluded from operating heavy equipment to carry construction materials from the rear of the building including but not limited to Building C.

## III.    CONTESTED ISSUES OF FACT

The party or parties responsible for the placement of the wire mesh of the type that the plaintiff alleges was involved in his accident as well as the placement and maintenance of the gas pipe in the area also allegedly involved in the plaintiff's accident.

## IV.    JURISDICTIONAL QUESTIONS

Fenestration is unaware of any jurisdictional questions at this time.

V.    **QUESTIONS RAISED BY PENDING MOTIONS**

Although not presently pending, Fenestration intends on moving to dismiss the claim brought by the general contractor, Granger, for indemnification as no contract referencing the so-called indemnification obligation has been produced by Granger and Fenestration is immune from tort liability pursuant to M.G.L. ch. 152 § 15.

VI.    **ISSUE OF LAW**

As set forth above, Fenestration will file a motion to dismiss for the failure of the defendant, Granger, to produce the contract, which allegedly contains the indemnification language upon which Granger has filed and predicated the third party claim. The burden of proof is upon Granger to produce the contract and to demonstrate its validity as to any indemnification claim asserted against Fenestration.

Fenestration is immune from tort liability pursuant to the provisions of G.L. ch. 152 § 15 as Fenestration employed the plaintiff and was responsible for worker's compensation payments received by the plaintiff.

In addition, to the extent that Granger does produce a complete verified contract, which contains indemnification language, Fenestration reserves the right to contest the validity of such provision an indemnification provision pursuant to the provisions of G.L. ch. 149 § 29(c) and also to raise the issue that any indemnity, to the extent it is produced in a contract, maybe subject to a limitation and be deemed a proportional indemnity only pursuant to the holding of <u>North American Site Developers, Inc. v. MRP Site Development, Inc.,</u> (63 Mass. App. Ct. 529, 827 Northeast 2nd 251).

In addition, Fenestration shall raise the provisions of the sub-contract between Fenestration and Granger that called for Granger to have exclusive responsibility for various

3

aspects of the work such as overall safety for the job site and including but not limited to debris removal and job site inspections for safety purposes. Should the Court determine that this was within the province of Granger, then the sub-contract agreement would eliminate any liability by Fenestration for indemnification to Granger pursuant to the terms and conditions of the sub-contract.

    C.    Evidentiary Issues

Fenestration reserves the right to supplement this memorandum on evidentiary issues where it is unclear at this point what evidence the parties intend to introduce at the trial of this matter.

    VII.    **REQUESTED AMENDMENTS TO PLEADINGS**

Fenestration does not request any amendments to its pleadings at this time.

    VIII.    **ADDITIONAL MATTERS TO AID IN DISPOSITION**

Fenestration incorporates Scavone's paragraph related to Section 8.

    IX.    **LENGTH OF TRIAL**

Fenestration estimates a trial that will take approximately five (5) days.

    X.    **WITNESSES**

    A.    Fact Witnesses

Fenestration adopts the fact witnesses listed by Scavone and reserves its right to call witnesses identified by any other parties. In addition, Fenestration lists Mario Raposo a representative of Fenestration as a possible witness.

    B.    Expert Witnesses

The third-party defendant, Fenestration adopts and incorporates by reference, Scavone's designation of Norman Hirsh, Hyman Glick, and Professor Harold Petersen. Fenestration states

that it relies upon the filings of all expert disclosures by Scavone pursuant to Rule 26 and reserves the right to supplement these disclosure where the designated experts are still in the process of reviewing recently completed discovery in this matter and who are available to comment on the plaintiff's condition following as of yet unscheduled but contemplated surgery.

                                         The Third-Party Defendant,
Fenestration Architectural Products, Inc.
By Its Attorney


 /s/Robert H. Gaynor
Robert H. Gaynor
BBO # 187620
SLOANE AND WALSH
Three Center Plaza
Boston, MA 02108
(617) 523-6010

## CERTIFICATE OF SERVICE

I, Robert H. Gaynor, attorney for the Third Party Defendant, Fenestration Architectural Products, Inc., do hereby certify that I caused the preceding document to be served electronically on this 3rd day of April, 2007 to the following counsel of record:

Frank C. Corso, Esq.
492 Winthrop Street
Rehoboth, MA 02769

Patrick McCormack, Esq.
Law Office of Jacqueline Allen
One Liberty Square 12th Floor
Boston, MA 02109

Mark Lavoie, Esq.
McDonough, Hacking & Lavoie, LLC
One Washington Mall
Boston, MA 02108


/s/Robert H. Gaynor

5