UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-10246

------------------------------------------------------------X
LORENZO GUARINO,

        Plaintiff

v.

R.W. GRANGER AND SONS, INC. &
SCAVONE C&M CONSTRUCTION CO., INC.,
        Defendants


And


R.W. GRANGER & SONS, INC.
        Third Party Plaintiff

v.

SCAVONE C&M CONSTRUCTION CO., INC.,
  & FENESTRATION ARCHITECTURAL
      PRODUCTS, INC.
        Third Party Defendants
------------------------------------------------------------X

## PLAINTIFF'S STATUS REPORT

Now comes the plaintiff in accordance with this Honorable Court's Order of March 16, 2007 and submits the following Status Report.

Introduction & Current Status of Case:  This case arises out of an accident on a construction site. The parties have conducted discovery, exchanged documents and have agreed to attempt resolving this case through mediation with Attorney John Fitzgerald from the firm of Cogavan & Waystack. The mediation is presently

1

scheduled for July 25, 2007.

1. <u>PlAINTIFF"S SUMMARY OF EXPECTED EVIDENCE :</u>

<u>*Liability:*</u>   The plaintiff expects the evidence to show that on February 5, 2002 Lorenzo Guarino, then age 39, was working as a union glazier for a Rhode Island company known as Fenestration Architectural Products, Inc. Fenestration was hired as a sub-contractor by the general contractor, R. W. Granger & Sons, Inc. to install glass at a construction project being run by Granger at a site known as the Old Rochester High School in Mattapoisett, Massachusetts. In addition to Fenestration, the Granger also hired other sub-contractors, including the defendant Scavone C & M Construction Co., Inc.

Briefly, on February 5, 2002, Mr. Guarino was walking alongside a lull that was being operated by his foreman, Kenneth Gelanis, while the two men were transporting crated glass lites to an area of the construction site where they intended to construct a glass curtain wall. When the lull reached the area of its intended destination, Mr. Guarino stepped forward when his foot unexpectedly became entangled in concrete wire reinforcing mesh that was out of place, embedded and frozen into the ground. The plaintiff did not see the mesh prior to falling as it was rusted and blended into the dirt. As a result of this improperly placed debris, Mr. Guarino was caused to trip in the mesh. As he was stumbling out of the entanglement, his foot became entrapped under an unmarked gas pipe that had been positioned to provide temporary heat into a building. Approximately one week prior to the accident, a representative of Fenestration had written a letter to Granger advising that Fenestration would be working in the area and expressed concern about the condition of the site. Granger has essentially admitted that the wire did not belong in the area where it was and has further alleged that Scavone was responsible for discarding excess mesh that was not used to install flat work.

A representative of Scavone has testified that the company had no duty to remove debris from the site, however, the contract documents clearly state otherwise. On balance, the plaintiff expects the evidence to demonstrate that as the general contractor Granger failed to comply with applicable Federal and State regulations regarding work place safety and that Scavone utterly failed to perform its obligations under its contract thereby resulting in the serious injuries suffered by the plaintiff.

***Damages:***

As a result of his fall, the plaintiff suffered a left ankle fracture consisting of a displaced proximal fibula fracture, a posterior malleolar fracuture and a widened medial mortise. The plaintiff has undergone approximately seven surgical procedures and is expected to have a further surgical procedure to fuse his left ankle joint into satisfactory alignment. The plaintiff is presently suffering from a significant impairment of his left ankle and has not yet reached a medical end result. The defendant Scavone has had the plaintiff evaluated by an orthopedic surgeon.

<u>Current Medical Expenses Paid:</u> Approximately $ 76, 398.00 and growing.

Lost Wages:   Approximately $ 320,000.00 to date. Plaintiff has received worker's compensation indemnity payments in the amount of $144, 546.97. Paintiff has not worked since the date of his accident. According to his wage statements, at the time of his injury he was earning approximately $1,067.00 per week, without regard to employment benefits. The plaintiff expects to offer evidence demonstrating that the plaintiff has incurred lost wages in the approximate amount of $320,000.00. On January 5, 2007 the Social Security Administration declared that the plaintiff is totally disabled. The plaintiff has a future work life expectancy of between 20 and 25 years. Although he may have some residual earning capacity, the plaintiff does not expect to know the extent of his retained earning capacity until after he has recovered from his

expected fusion surgery. It is expected that the plaintiff will be able to demonstrate future decrease in earning capacity of approximately 1.2 million dollars, including loss of benefits.

2. **FACTS ESTABLISHED:** The pleadings establish the following:

   a. Lorenzo Guarino was injured while in the course of his employment as a glazer with Fenestration Architectural Products.

   b. Mr. Guarino was injured while working on a project known as the Old Rochester High School on February 5, 2002.

   b. R.W. Granger & Sons, Inc. was the general contractor for the project.

   c. Scavone C & M Construction was a subcontractor employed by Granger.

   d. Fenestration Architectural Products, Inc. was a subcontractor employed by Granger.

3. **CONTESTED ISSUES OF FACT:**

   **The plaintiff expects that there will be contested issues of fact regarding both liability and damages, as well as the apportionment of damages among the defendants.**

4. **JURISDICTIONAL QUESTIONS:** None.

5. **PENDING MOTIONS:** None.

6. **ISSUES OF LAW:**

   **The plaintiff maintains that this is a general negligence claim governed by the common law and federal and state statues and regulations governing construction site accidents. It is the plaintiff's position that as the General Contractor the defendant Granger had an overall duty to supervise the site and violated several Federal Regulations relating to workplace safety, including 29 C.F.R. §§**

**1926.16, 1926.20, 1926.32 & 1926.25, as well as numerous provisions of the Massachusetts State Building Code, 780 C.M.R. § 454 10.00. In addition, the defendant Scavone was under a contractual duty to properly dispose of debris. As an individual lawfully on the construction site, the plaintiff was an anticipated third party beneficiary of that contract. Scavone's failure to properly dispose of unused mesh in an appropriate manner was a direct cause of the plaintiff's injury.**

7. **REQUESTED AMENDMENTS TO PLEADINGS:** None

8. **ADDITIONAL MATTERS THAT WILL AID IN THE DISPOSITON:** As stated previously, counsel have conferred and agreed to attempt a resolution of this matter through mediation. The parties have agreed to attempt resolving this case through mediation with Attorney John Fitzgerald from the firm of Cogavan & Waystack. The mediation is presently scheduled for July 25, 2007.

9. **PROBABLE LEGNTH OF TRIAL:** One full week.

10. **EXPECTED WITNESSES:**

a. Lorenzo Guarino of South Attleboro Massachusetts;

b. Carolyn Guarino & Joshua Guarino of South Attleboro, Massachusetts;

c. Kenny Gelinas of East Providence, Rhode Island;

d. Keith Cabral of Seekonk, Massachusetts;

e. Melissa Hicks of East Providence, Rhode Island;

f. Abdul Elsawabi of East Providence, Rhode Island;

g. Domenic Scavone of Florida;

h. Steven Campbell of R.W. Granger;

i. Alvin Dupont of R. W. Granger;

j. Ernest O'Brien of R.W. Granger;

k. Luann Scott of R.W.Granger;

l.  Representative of Marion Police Department;

m.  Representative of Marion Rescue Ambulance Service;

n.  Keeper of Records of Tobey Hospital;

o.  Keeper of Records of Sturdy Memorial Hospital;

p.  Keeper of Records of Memorial Hospital of Rhode Island;

q.  Keeper of Records of JBL Rehabilitation Associates;

r.  Keeper of Records of Lahey Clinic;

s.  Dr. Hyman Glick & Keeper of Records of Dr. Hyman Glick;

t.  Keeper of Records United States Social Security Administration.

u.  Keeper of Records of GAB Associates;

v.  Keeper of Records of CAN Insurance Company.

w.  Keeper of Records R.W. Granger & Scavone C & M Construction.

x.  Keeper of Records John P. O'Donovan of Cranston, Rhode Island.

The plaintiff reserves the right to seasonably supplement this witness list prior to trial and to call any witness designated by any other party.

EXPERT WITNESSES:

The plaintiff expects to call the following opinion witnesses:

1.  Dr. Charles Fathallah of Attleboro, Massachusetts (Plaintiff's treating Physician);

2.  Arnold Haight of Canton Massachusetts. Plaintiff has provided the defendants with Mr. Height's Report and CV.

3.  Albert Sabella of 115 Cedar St. Providence, Rhode Island 02903, Vocational Rehabilitation Specialist..  Plaintiff has provided the defendants with Mr. Sabella's initial Report, current CV and Court List.

4.  Dana Hewins, Lakeville Massachusetts, Economist.

The plaintiff has agreed to make each of his experts available to be deposed by the defendants at their usual and customary rate. The plaintiff will seasonably supplement his expert's reports as additional materials become available.

Respectfully submitted,

The Plaintiff,
Lorenzo Guarino
By his attorney,

/s/ Frank C. Corso
Frank C. Corso
Sarrouf Corso
545552
95 Commercial Wharf
Boston, MA 02108
1-617-227-5800