UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORENZO GUARINO,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| R.W. GRANGER & SONS, INC. and<br>SCAVONE C&M CONSTRUCTION CO., INC.,<br>    Defendants | ) C.A. NO.:  04-10246<br>)<br>)<br>) |
| and | )<br>) |
| R.W. GRANGER AND SONS, INC.,<br>    Defendant/Third-Party Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| SCAVONE C & M CONSTRUCTION CO.,<br>INC., and FENESTRATION ARCHITECTURAL<br>PRODUCTS, INC.,<br>    Third-Party Defendant | )<br>)<br>)<br>) |

**THIRD-PARTY DEFENDANT, FENESTRATION ARCHITECTURAL PRODUCTS, INC.'S, EMERGENCY MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 37(b)(2)(C)**

NOW COMES, the third party defendant, Fenestration Architectural Products, Inc. (hereinafter "Fenestration") and hereby moves pursuant to Fed.R.Civ.P. 37(b)(2)(C) to dismiss the third party complaint filed against it by the defendant/third party plaintiff, R.W. Granger and Sons, Inc. ("R.W. Granger"), for failure to provide discovery pursuant to Fed.R.Civ.P. 26(f).  As grounds therefore, Fenestration states as follows:

1.	On or about February 5, 2004, the plaintiff, Lorenzo Guarino, filed his Complaint in this Honorable Court against the R.W. Granger.  The plaintiff allegedly suffered personal damages as a result of the negligence of R.W. Granger while he was working at a construction site in Mattapoisett, Massachusetts on or about February 5, 2002.  At the time of the incident, the

1

plaintiff was employed by Fenestration, a window installer sub-contractor of R.W. Granger. R.W. Granger was the general contractor for the job. R.W. Granger contracted for the completion of the construction with the owner, Old Rochester Regional School District. (See attached Exhibit A). The plaintiff received worker's compensation benefits from Fenestration.

3. Fenestration and R.W. Granger executed a sub-contractor agreement in connection with the work that was completed at the project. (See attached Exhibit B). Pursuant to the sub-contract, Fenestration "agree[d] to be bound to the Contractor by the terms of the Contract Documents (including Addenda No. 1a, 2a, 3a, & 4A), and to assume to [R.W. Granger] all the obligations and responsibilities that [R.W. Granger] by those documents assumes to Older Rochester Regional School District….except to the extent that provisions contained therein are by their terms or by law applicable only to [R.W. Granger]."

4. On or about May 10, 2006, R.W. Granger filed its third party complaint against Fenestration. The third party complaint contained one count based upon the express indemnification provision allegedly contained within the sub-contract between Fenestration and R.W. Granger.[1]

5. On or about July 18, 2006, Fenestration served Requests for Production of Documents on R.W. Granger. (See attached as Exhibit C). The Requests for Production sought, in part, a complete copy of the sub-contract between Fenestration and R.W. Granger, along with a complete copy of the general contract between R.W. Granger and Old Rochester Regional School District.

6. On or about June 23, 2006, the Court entered a Discovery Order ordering the parties to exchange all documents pursuant to Fed.R.Civ.P. 26.2(A) and to provide the parties with "a copy

---

[1] Pursuant to Massachusetts law, an employer who has paid worker's compensation benefits pursuant to G.L. c. 152 may only be liable to a third-party tortfeasor where there is an express indemnity provision contained within a contract. Decker v. Black and Decker Mfg. Co., 389 Mass. 35 (1983).

2

of,…, all documents…in the possession, custody or control of the party that are relevant to disputed facts alleged with particularity in the pleadings." (See attached as Exhibit D).

7.    Thereafter, the Court entered another Order, on or about July 13, 2006, requiring the parties to complete discovery by March 30, 2007. (See attached as Exhibit E).

8.    To date, R.W. Granger has also failed to provide Fenestration with a complete copy of the sub-contract between the parties, specifically the Addenda Numbers <u>1a</u>, <u>2a</u>, <u>3a</u>, & <u>4A</u>. In addition, R.W. Granger has not provided a complete copy of the general contract between it and Old Rochester Regional School District, which is specifically referred to and incorporated by reference into the sub-contract between the parties. Fenestration has only been provided with portions of the sub-contract and general contract.

9.    Of significance, Fenestration is unable to ascertain the full extent of its potential liability because it does not have the contracts. For example, "Article 8 Enumeration of Contract Documents" includes Section 8.1.1, which states, "The Agreement is this executed 1997 edition of the Standard for Agreement Between Owner and Contractor AIA Document A101-1997 <u>as amended</u>." Section 8.1.2 goes on, "The General Conditions are the 1997 edition of the General Conditions of the Contract for Construction, AIA Document A201-1997 <u>as amended</u>." Finally, Section 8.1.3 refers to "Supplementary and other Conditions of the Contract." To date, Fenestration has not been provided with the amended versions of A101-1997 or A201-1997 or the Supplementary Conditions, which are referred to in the general contract.

**ARGUMENT**

Fenestration seeks to have the third party complaint brought against it by R.W. Granger dismissed, with prejudice, because it has failed to abide by various Court Orders requiring disclosure of documents relevant to this matter. Clearly, a full and complete version of the

general contract, including the <u>as amended</u> AIA Documents A101-1997 and A201-1997 and Supplementary Conditions, and the sub-contract, including Addenda 1a, 2a, 3a and 4a, are relevant to this matter as they form the basis upon which R.W. Granger is seeking indemnity from Fenestration.  The failure to R.W. Granger to timely provide the requested documentation within the time limits set forth by two of this Honorable Court's Orders has precluded Fenestration from properly and reasonably assessing whether or not R.W Granger has a viable claim for indemnity against it.  R.W. Granger has offered no reasonable excuse for its tardiness in responding to the discovery mandated by this Honorable Court.  The failure of R.W. Granger to provide complete versions of the sub-contract and general contract, which are clearly of critical importance, has prejudiced Fenestration, as it cannot properly mount a defense without this basic discovery.

     Furthermore, Fenestration has no way of determining whether or not the <u>amended</u> AIA provisions and Supplementary Conditions, or the Addenda, referred to in the contracts have materially altered the indemnity provisions of the general conditions, or otherwise changed Fenestration's obligations thereunder.  As a result of R.W. Granger's failure to provide the complete contracts, Fenestration is simply unable, at this late juncture, to ascertain the full extent of the indemnity claim against it.  In addition, it was R.W. Granger who moved to add Fenestration as a third party defendant based upon the language contained in both the sub-contract and, by implication, the general contract, yet it has failed to even provide complete documents upon which its entire case rests.

     The failure of R.W. Granger to comply with Fenestration's discovery requests and its failure to abide by *two* Court Orders mandating the production of relevant documents and the

completion of discovery has obstructed Fenestration's ability to prepare this matter for trial, and entitles Fenestration to dismissal of the third party complaint against it.

## LOCAL RULE 7.1 (A)(2) CERTIFICATION

I, Robert H. Gaynor, counsel for the third party defendant, Fenestration Architectural Products, Inc., hereby certify that counsel for the third party defendant, conferred with opposing counsel in a good faith attempt to resolve or narrow the issues concerning this motion prior to filing

/s/ Robert H. Gaynor
Robert H. Gaynor

The Third-Party Defendant,
Fenestration Architectural Products, Inc.
By Its Attorney


/s/Robert H. Gaynor
Robert H. Gaynor, BBO # 187620
SLOANE AND WALSH, LLP
Three Center Plaza
Boston, MA 02108
(617) 523-6010

## CERTIFICATE OF SERVICE

I, Robert H. Gaynor, attorney for the Third Party Defendant, Fenestration Architectural Products, Inc., do hereby certify that I caused the preceding document to be served electronically on this 10th day of April, 2007 to the following counsel of record:

Frank C. Corso, Esq.
492 Winthrop Street
Rehoboth, MA 02769

Patrick McCormack, Esq.
Law Office of Jacqueline Allen
One Liberty Square 12th Floor
Boston, MA 02109

5

Mark Lavoie, Esq.
McDonough, Hacking & Lavoie, LLC
One Washington Mall
Boston, MA 02108

/s/Robert H. Gaynor

S:\GUARINO, LORENZO V. FENESTRATION ARCHITECTURAL PRODUCTS - HA-440-2037\Pleadings\Discovery\Motion to Dismiss.doc