William A. Bolton (MA, NH, ME, & FL)
Patricia C. Fraizer (MA, NH & ME)
Christine M. Harding (MA & RI)
Charles E. Miracle (MA)
Joseph W. Murphy (MA, NH, & VT)
Kathleen E. Nelson (MA & RI)
Benjamin A. Pushner (MA RI CT, & DC)
John H. Stevens (MA, NH & MN)
David G. Sullivan (MA & RI)

# *Law Offices of*
# PATRICIA C. FRAIZER

*Employees of The Hartford Group of
Affiliated Insurance Companies
Not a Partnership or Professional Association*

10 Post Office Square, Suite 1155
Boston, MA 02109
Telephone: (617) 556-0200
Fax: (617) 482-2643

63 High Street
Manchester, NH 03104
Telephone: (603) 623-7632
Fax: (603) 623-4435

July 18, 2006

Patrick M. McCormack, Esquire
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108

RE:   Lorenzo Guarino v. R.W. Granger & Sons v. Scavone C&M Construction Co. and
      Fenestration Architectural Products
      United States District Court, Civil Action No. 04-CV-10246 JLT
      Our File Number: YCH L 77730

Dear Attorney McCormack:

Enclosed please find Defendant's Interrogatories and Request for Production of Documents to be answered by your client R.W. Granger & Sons, Inc.

Thank you for your courtesy and cooperation in this matter. Please do not hesitate to contact me if you have any questions.

Very truly yours,

William A. Bolton

WAB/lsb
Enclosures

cc:    Frank C. Corso, Esquire
       Mark B. Lavoie, Esquire

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lorenzo Guarino,<br>    Plaintiff<br><br>v.<br><br>R.W. Granger & Sons, Inc.<br>    Defendant/Third Party Plaintiff<br><br>v.<br><br>Scavone C&M Construction Co., Inc. and<br>Fenestration Architectural Products, Inc.<br>    Third Party Defendants | CIVIL ACTION NO. 04-CV-10246 JLT |

## THIRD PARTY DEFENDANT FENESTRATION ARCHITECTURAL PRODUCTS, INC.'S FIRST SET OF INTERROGATORIES PROPOUNDED TO R.W. GRANGER & SONS, INC.

**DEFINITIONS:**

a. "Injuries" means the injuries alleged in the Plaintiff's Complaint.

b. "Incident" means the circumstances and events that caused the injuries; and

c. "You" and "your" means the party responding to these Interrogatories, unless the context requires otherwise.

**INTERROGATORIES:**

1. Please identify yourself fully, giving your full name, date of birth, age, residence, social security number, business address, position you hold with R.W. Granger & Sons, Inc., and your length of employment with R.W. Granger.

2. Please identify by name, occupation, professional title and present address each person expected to be called by you as an expert witness at trial of the above captioned action and for each such expert, state:
   a. the subject matter on which each expert is expected to testify;
   b. the substance of the facts to which each expert is expected to testify;
   c. the substance of the opinions to which each expert is expected to testify; and

    d. a summary of the grounds for each opinion.

3. Please identify by name and address all of the persons whom you intend to call as witnesses in the trial of this matter.

4. Please state the names, nature of employment and most currently known residential and business addresses of all persons who have personal knowledge of any facts, occurrences, events or circumstances upon which any of the allegations of the plaintiff's Complaint are founded, specifying of what facts occurrences, events or circumstances each such person has knowledge.

5. Please state whether R.W. Granger entered into a contract (including all general subcontracts) and/or agreements with any person or entity relating to the construction site described in plaintiff's Complaint:
    a. the name and current address of each person or entity with whom you contracted;
    b. the date and place of the execution of such contract;
    c. the name of each person who signed each contract;
    d. the nature of the work or services contracted for.

6. On what dates were the employees of R.W. Granger at the construction site set forth in the plaintiff's Complaint.

7. Who were the foremen or supervisors employed by R.W. Granger at the construction site set forth in the plaintiff's Complaint.

8. Please set forth in detail every step, action, procedure and/or the like taken by or on behalf of R.W. Granger, its agents, servants or employees to prevent an accident such as alleged by the plaintiff in his Complaint.

9. Please describe in full and complete detail the procedure utilized by R.W. Granger in inspecting the construction site set forth in the plaintiff's Complaint for safety violations from the commencement of work up until the date of the alleged incident:
    a. the procedure utilized and/or action taken, when a violation was discovered, identified and/or found;
    b. the manner, method and means by which the violation was rectified; and
    c. follow-up action and/or procedure, relating to correcting and rectifying the violation.

10. Please state how and when, following the accident alleged in the plaintiff's Complaint, R.W. Granger learned of the accident.

11. Please state whether R.W. Granger maintained a work log and/or job notes detailing the daily work to be performed at the construction site set forth in the plaintiff's Complaint.

12. If your answer to Interrogatory No. 11 is in the affirmative, please state:
    a. the work listed for the date of the alleged accident; and

2

    b. the work listed for the thirty days preceding the date of the alleged accident.

13. On or about the time of the plaintiff's accident as described in the plaintiff's Complaint, was R.W. Granger working on any portion of the construction site which is the subject of the plaintiff's Complaint.

14. If the answer to the preceding interrogatory is anything other than an unqualified "yes," please:
    a. identify by full name and address all persons, firms or other entities which were performing work on the construction site which is the subject matter of the plaintiff's Complaint at the time of the plaintiff's accident as described in the Complaint.
    b. as to each such person or entity, please state what work that person or entity was performing.

15. If it is your position that the area where the plaintiff's accident occurred was not under your control, please describe fully and in detail the factual basis for said position.

16. If you allege that any other person's or entity's negligence contributed to the plaintiff's injuries, please state all that person or entity did or failed to do which you allege was negligent.

17. Please describe in full and complete detail all work, which R.W. Granger, its agents, servants or employees performed in connection with the swing which is the subject matter of the plaintiff's Complaint from the date of the commencement of the project to completion.

                                      Respectfully submitted,

                                      Fenestration Architectural Products, Inc.,
                                      By its attorney,

                                      William A. Bolton, Esquire
                                      BBO# 048760
                                      Law Offices of Patricia C. Fraizer
                                      10 Post Office Square, Suite 1155
                                      Boston, MA 02109
                                      (617) 556-0200

## CERTIFICATION

I hereby certify that on ____ day of _____, 2006 a copy of the foregoing motion was sent by first-class mail to the following counsel of record.

Frank C. Corso, Esquire
Law Office of Frank C. Corso
15 Court Square, Suite 240
Boston, MA 02108

Mark B. Lavoie, Esquire
McDonough, Hacking & Lavoie, LLP
6 Beacon Street, Suite 815
Boston, MA 02108

Patrick M. McCormack, Esquire
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108

_____
William A. Bolton

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Lorenzo Guarino,<br>    Plaintiff<br><br>v.<br><br>R.W. Granger & Sons, Inc.<br>    Defendant/Third Party Plaintiff<br><br>v.<br><br>Scavone C&M Construction Co., Inc. and<br>Fenestration Architectural Products, Inc.<br>    Third Party Defendants | CIVIL ACTION NO. 04-CV-10246 JLT |

## THIRD PARTY DEFENDANT FENESTRATION ARCHITECTURAL PRODUCTS, INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS TO R.W. GRANGER & SONS, INC.

The Third Party Defendant in the above-entitled action, pursuant to Rule 34 of Mass. R. Civ. P., request that R.W. Granger & Sons, Inc., produce the following items for inspection and copying. Items are requested to be produced at the office of the attorney for the Third Party Defendant William A. Bolton, Esquire, Law Offices of Patricia C. Fraizer, 10 Post Office Square, Suite 1155, Boston, MA 02109, on or before thirty (30) days from the date of this request.

Defendant may comply with this request at its option by forwarding any documents requested to counsel for the Third Party Defendant postmarked prior to the date called for production.

**DOCUMENTS REQUESTED:**

1. Any and all medical reports, letters and statements, including full and complete hospital records in the possession, custody or control of R.W. Granger which were made in

connection with the injuries allegedly sustained by the plaintiff as a result of the allegations contained in the plaintiff's Complaint.

2. Any and all medical bills in the possession, custody or control of R.W. Granger which were incurred because of injuries allegedly sustained as a result of the plaintiff's accident as alleged in the Complaint.

3. All medical records and reports compiled by any doctors concerning their examination and/or treatment in possession, custody or control of R.W. Granger in connection with injuries allegedly sustained by the plaintiff as a result of the accident which is the subject of the plaintiff's Complaint.

4. Any and all photographs in the possession, custody or control of R.W. Granger which relate in any to the accident or accident scene as alleged in the plaintiff's Complaint, and/or which relate in any way to the injuries allegedly sustained by the plaintiff.

5. Any and all statements taken from or given by the plaintiff which relate in any way to the accident as alleged in the plaintiff's Complaint or to injuries that the plaintiff allegedly received from the accident as alleged in the Complaint.

6. All reports and statements signed, unsigned or transcribed, written and oral, in the possession, custody or control of R.W. Granger which were taken from or given by R.W. Granger, or its agents, servants or employees which relate in any way to the plaintiff's accident as described in the plaintiff's Complaint.

7. Copies of all accident reports and all statements, whether in writing or recorded by mechanical and/or electronic means, which relate in any way to the accident as alleged in the Complaint or which relate in any to injuries allegedly received by the plaintiff.

8. All reports, statements, signed or unsigned, transcribed, written and/or oral, in the possession, custody or control of R.W. Granger which were filled out or completed by any witnesses to the accident or any persons who had direct knowledge or the accident as alleged in the plaintiff's Complaint.

9. The names and addresses of all witnesses known to R.W. Granger who were witnesses either directly or indirectly to the incidents as set forth in the plaintiff's Complaint.

10. All reports, statements and letters in the possession, custody or control of R.W. Granger which were filled out and/or completed by any expert or experts concerning the plaintiff's accident as alleged in the Complaint or the injuries that the plaintiff allegedly received from the accident as alleged in the Complaint.

11. Copies of any correspondence, memoranda or other written communications in possession, custody or control of R.W. Granger made by or sent to any of the parties in this litigation which arise out of or are related to the construction project which is the subject matter of the

plaintiff's Complaint.

12. All plans, drawings, sketches and charts relating to the construction area which is the subject matter of the plaintiff's Complaint.

13. All contracts, agreements, purchase orders, change orders, and memoranda of agreement between R.W. Granger and any other party in connection with the construction site which is the subject matter of the plaintiff's Complaint.

14. All specifications, including, but not limited to general conditions, special conditions, supplementary conditions, and agenda in connection with the construction site which is the subject matter of the plaintiff's Complaint.

15. All diaries, logs, minutes of meetings, daily reports, manpower reports, and other reports in connection with the construction site which is the subject matter of the plaintiff's Complaint.

16. Any and all documents relating or concerning safety on the job site in connection with the construction site which is the subject matter of the plaintiff's Complaint.

17. All photographs of the construction site which is the subject matter of the plaintiff's Complaint.

18. Copies of all Certificates of Insurance issued to R.W. Granger in effect during the time period of plaintiff's accident referenced in plaintiff's Complaint.

19. Copies of all policies of insurance issued to Defendant in effect during the time period of plaintiff's accident.

Respectfully submitted,

Fenestration Architectural Products, Inc.,
By its attorney,

William A. Bolton, Esquire
BBO# 048760
Law Offices of Patricia C. Fraizer
10 Post Office Square, Suite 1155
Boston, MA 02109
(617) 556-0200

## CERTIFICATION

I hereby certify that on _____ day of _____, 2006 a copy of the foregoing motion was sent by first-class mail to the following counsel of record.

Frank C. Corso, Esquire
Law Office of Frank C. Corso
15 Court Square, Suite 240
Boston, MA 02108

Mark B. Lavoie, Esquire
McDonough, Hacking & Lavoie, LLP
6 Beacon Street, Suite 815
Boston, MA 02108

Patrick M. McCormack, Esquire
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108

_____
William A. Bolton

4